**BLACK, Plaintiff-Appellee, v. POLING, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 615. Decided October 20, 1943.

Bougher & Gregg, Columbus, George W. Porter, Greenville, for plaintiff-appellee and for the motion.

Wilbur D. Spidel, Greenville, for defendant-appellant, and contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal for the reason that it is not directed to a final order.

The order of the court from which the appeal is taken was the overruling of a motion of defendant to dismiss the temporary injunction theretofore granted to plaintiff.

Appellee cities and relies upon the **May Company v The Bailey Company, 81 Oh St 471**, and **Jones, Treas., et al., v The First National Bank of Bellaire, 123 Oh St 642.**

Appellant cites and relies upon **Burke v Railway Company, 45 Oh St 631; Chicago, St. Louis & Pennsylvania R. R. Co., v.**

Hamilton, 3 O. C. C. 455; Mitchell Furniture Co. v C. C. C. & R. Co., 7 N. P. 640; **Wooster v Campbell, 28 O. L. R. 71; Midland Acceptance Corp. v. General Motors Acceptance Corp., 49 Oh Ap. 243.**

The cases cited for the motion are distinguishable from the instant suit because, in both of them, the Court expressly stated that the ultimate relief sought was an injunction, and upon this premise held that the temporary injunction was neither a judgment nor a final order. The instant suit is broader in the relief sought than mere injunction, and seeks other equitable remedy.

Burke v Railway Company, supra, is a percuriam and very short, consisting of one paragraph as follows:

"An order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting a substantial right made in a special proceeding which may be reviewed on error by the Circuit Court."

It will be noted that there is nothing in the opinion to make definite whether the injunction under consideration was temporary or permanent in nature. Because of the fact that the question was raised by a motion to dissolve, the first impression would be that the motion was directed to a temporary injunction. Inasmuch as the question was vital to the controlling effect of the adjudication, and because the case arose in Franklin County, we made an effort to find the original papers. This we were not able to do, but an examination of the appearance docket in the Common Pleas Court is convincing that the order from which the error was prosecuted was the overruling of a motion to dissolve a temporary injunction. In this situation the case is binding authority upon us. The other cited cases mark the distinction which seems to be found between Burke v Railway Co. and the cases cited on behalf of the motion. The differentiation is well made and considered at length in the case of **Hersch v Home Savings & Loan Co., et al., 27 Abs. 291,** and **Jasper v Kovalichek, et al., 25 Abs., 546.**

But for the pronouncement of the Supreme Court in Burke v Railway Co., we would seriously doubt if the overruling of a motion to dissolve a temporary injunction is an order affecting a substantial right made in a **special** proceeding. But for the controlling precedent, we would be disposed to hold in this case that the temporary injunction granted by the trial judge merely operated as an interlocutory order, being effective to hold the subject matter of the suit in status quo, and that

the overruling of the motion to dissolve this injunction had none of the elements of finality essential to an appealable order or judgment; and further, that the order was not made in a special proceeding.

The motion will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.