**ELDER, Plaintiff-Appellee, v. ELDER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4433. Decided May 3, 1950.

Horace S. Kerr, Columbus, for plaintiff-appellee.
Milton L. Farber, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted upon motion by the defendant-appellant seeking an order setting aside three temporary restraining orders granted against him. The plaintiff-appellee has also filed a motion seeking a dismissal of the appeal for the reason that no final order has been made in the cause.

The action was one for divorce. The petition, after setting forth the grounds for the same, alleged:

"Plaintiff further says that she and the defendant own and operate the Beltone-Columbus Company and that she believes, and therefore avers it to be a fact, that the defendant will interrupt the operation of said business unless enjoined by the Court.

"Plaintiff further says that she and the defendant jointly own the premises commonly known as 26 Olentangy Street, Columbus, Ohio, and that she believes, and therefore avers it to be a fact that the defendant will annoy, molest and harass her if permitted to occupy the same premises upon his release from the Alcoholics Anonymous Home in which he is now living."

Upon a hearing being had the Court granted temporary restraining orders enjoining the defendant from (1) interfering with the operation of the business or the entering of the business premises; (2) enjoining the defendant from entering the home; and (3) enjoining the City National Bank & Trust Company from honoring or paying any checks drawn upon said bank by the defendant-appellant upon the account of the Beltone-Columbus Company. A motion to dissolve the said orders was made and overruled and the appeal is directed to this order. The plaintiff-appellee's motion to dismiss the appeal will be overruled as the order appealed from is an appealable order. 2 O. Jur. (Pt. 1) 196, Section 102; Black v. Poling, 45 Abs 298; Hersch v. Home Savings & Loan Co., 59 Oh Ap 145.

The defendant-appellant sets forth the following grounds in support of his motion:

1. There is no authority in law for the issuance of any or all of these orders without bond.

2. There is no authority under the pleadings in this case to grant any of the orders.

3. The court below refused to permit testimony to be offered on the motion to dissolve the orders and stated that a proffer of such testimony would be of no use.

The record discloses that the Court ordered that bond be dispensed with, which the defendant-appellant contends is erroneous as the allegations of the petition do not come within the provisions of §11996 GC, which provides:

"When it is made to appear to the court, or a judge in vacation, that a party is about to dispose of or incumber property, or any part thereof, so as to defeat the other party in obtaining alimony, such court or judge may allow an injunction to prevent this, with or without bond, at discretion. A party may sell and assign the order for alimony or allowance, after it is made."

We have no bill of exceptions and there is therefore nothing before this Court to establish the evidence upon which the Court based its decision. But the appellant is contending that the allegations in the petition are not sufficient to authorize the Court to issue the order without requiring a bond as provided by §11882 GC. It will be noted that the petition alleges "that the defendant will interrupt the operation of said business unless enjoined by the Court." The word "interrupt" is indefinite as it does not indicate the manner in which the interruption will take place. The interruption could be such as to bring it within the terms of §11996 GC. This was all subject to further explanation when the motion to dissolve came on for hearing. As this evidence is not before us, we cannot say the Court erred in overruling the motion.

The appellant complains in his third ground that the Court refused to permit him to offer testimony on the motion. Under such circumstances, a proffer should be made and included in the bill of exceptions. Under the present state of the record the appellant has failed to offer sufficient proof to require that the temporary restraining order be dissolved.

Counsel for the defendant-appellant state in their brief that they have not touched upon the restraining order prohibiting the defendant from entering his home since the defendant-appellant has no interest in occupying the same premises as the plaintiff-appellee. The question not being presented in the brief, the order will not be considered further by this Court.

Both of the motions will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.