Kinkade, J.
 

 This case, in the trial court, was an action commenced by the First National Bank of Bellaire, Ohio, against the county auditor and county treasurer of Belmont county, in which the bank prayed for an injunction against the defendants, restraining them from entering on the tax duplicates of the county or collecting from the bank and its shareholders taxes which the bank alleged were illegal, and also to recover a judgment and order against the county treasurer, commanding him to refund to the bank the full amount of certain like
 
 *643
 
 taxes theretofore assessed against the bank and its shareholders, which the bank had paid under protest.
 

 The petition alleged that a temporary restraining order should be issued without notice to the defendants, for the reason that, if notice be given, such notice would afford the defendants an opportunity to defeat the purpose of the restraining order prayed for, by doing some of the acts sought to be prevented, prior to the time named in the notice for the consideration of the application by plaintiff for the issue of the writ.
 

 Upon the filing of the petition and the giving of a bond, the court issued a temporary restraining order as prayed for in the petition, the writ to remain in force until the further order of the court.
 

 Thereafter the defendants filed a motion to vacate the temporary injunction. This motion was overruled and exceptions saved, and thereupon the defendants, without waiting for the trial of the case on its merits, prosecuted error to the Court of Appeals. The Court of Appeals, on motion of the bank, dismissed the case for want of jurisdiction, holding that the action of the trial court in overruling the motion to dissolve the temporary injunction was an interlocutory order only, and in no sense such final-order as might be reviewed in the Court of Appeals on error prior to the decision by the trial court of the case on its merits, and thereupon the defendants prosecuted error to this court.
 

 There is but a single issue in the ease, and that is whether the overruling of the motion to dissolve the injunction was an order with respect to which the defendants might rightfully prosecute error to the Court of Appeals. It is not claimed that the
 
 *644
 
 action of the trial court in overruling the motion to dissolve the injunction was a final judgment in that action, but it is claimed that it was a final order made affecting a substantial right in a special proceeding, from which error could be prosecuted to the Court of Appeals.
 

 Section 11237, General Code, defines an action thus: “An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of ‘a legal wrong, enforcement of a legal right, or the punishment of a public offense. ’ ’
 

 The Legislature has determined what constitutes a final order, in Section 12258, General Code, as follows: “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided .in this title.”
 

 The Legislature has not undertaken to define definitely what constitutes a special proceeding, although many special proceedings are authorized by statute, covering various matters.
 

 Plaintiffs in. error insist that this court has defined what a special proceeding is, in the case of
 
 Burke
 
 v.
 
 Railway Co.,
 
 45 Ohio St., 631, 17 N. E., 557. That entire case is embraced within four lines, reading as follows: “By the Court. An order of the court of common pleas overruling a motion to dissolve an injunction is an order affecting a substan
 
 *645
 
 tial right made in a special proceeding which may be reviewed on error by the circuit court. ’ ’
 

 In the case of
 
 May Co.
 
 v.
 
 Bailey Co.,
 
 81 Ohio St., 471, 91 N. E., 183, this court, in the syllabus, said: “An order of the court of common pleas granting a temporary injunction in a suit in which the ultimate relief sought is an injunction, is not either a judgment or a final order which may be reviewed by the circuit court on petition in error.”
 

 We note the following in the opinion of the court: “Counsel for the plaintiff in error rely upon the ease of
 
 Burke
 
 v.
 
 Railway Company,
 
 45 Ohio St., 631, [17 N. E., 557], as authority for the conclusion that the order of the court of common pleas in this case was reviewable under Section 6709 as a final order, and that it is within the definition of a final order as given in Section 6707, Revised Statutes. It is not claimed that the court of common pleas in allowing the temporary injunction rendered a final judgment in the case, or that it made an order which determines an action and prevents a judgment. The precise claim is that it made ‘an order affecting a substantial right made in a special proceeding.’ Whether the order involved in the case of
 
 Burke
 
 v.
 
 Railway Company
 
 was or was not an order affecting a substantial right made in a special proceeding, it is entirely clear that the order in the present case is not of that character. This was a suit for injunction. The order of the court of common pleas was not ancillary to the exercise of its jurisdiction upon any other subject. The application for, and allowance of, the temporary injunction was a part of the ancient suit in equity administered in the main case without any provision of the statute authorizing
 
 *646
 
 it, or providing for it, as a proceeding in an action. There was no. occasion for dividing np the case, leaving part of it in the court of common pleas, while a part of it was taken to the circuit court. The questions involved in the allowance of the temporary injunction were not different from those which would be involved in a consideration of the final judgment, and the case should have been disposed of wholly in the court of common pleas, before a resort was had to the jurisdiction of the circuit court.”
 

 There is a very serious conflict in the decisions of the different states on the subject of what constitutes a final order from which appeal or error may be prosecuted. 2 High on Injunctions (4th Ed.), Sections 1693, 1694 and 1702. This conflict arises very largely by reason of the fact that the statutory provisions on the subject are very different in the different states. The sections in High on Injunctions referred to lay down the rule that, regardless of the form of the order made, it must carry the element of finality, and numerous decisions to this effect are there cited. This matter of finality is well stated in 2 Ruling Case Law, page 39, Section 21, as follows: “In order that a judgment, decree or order may be appealed from, it may be stated generally that the decision must be final or in the nature of a final decision. The object of this requirement is to present the whole cause for determination in a single appeal and thus to prevent the unnecessary expense' and delay of repeated appeals.”
 

 It is quite self-evident that the proceeding instituted by the bank was an action, and not a special proceeding. The temporary injunction issued was certainly an interlocutory order. If the granting of
 
 *647
 
 an injunction, as stated in
 
 May Co.
 
 v.
 
 Bailey Co., supra,
 
 is only an interlocutory order, then it is difficult to understand how the overruling of a motion to dissolve such an interlocutory order can be a final order affecting a substantial interest in a special proceeding. The object of the temporary injunction was to hold matters
 
 in statu quo
 
 until the case could be heard on its merits, at which time all of the rights of the defendants in the action could be adjudicated in the main case, and in the meantime no rights of defendants could possibly be jeopardized in any manner by continuing in force the temporary injunction.
 

 The action of the Court of Appeals in dismissing the petition in error of the defendants for want of jurisdiction will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Bobinson, JJ., concur.