## HERSCH v HOME SAV & LOAN CO et

Ohio Appeals, 7th Dist, Mahoning Co

No 2428.  Decided Jan 3, 1938

Morris Mendelssohn, Youngstown, for appellant.

Russell McKay, Youngstown, and Robt. O. Jones, Youngstown, for appellee.

292

## OPINION

By NICHOLS, J.

Plaintiff brought her action in the Common Pleas Court of Mahoning County against the defendants for specific performance of an alleged contract for the sale of real estate. In her petition plaintiff set forth the execution of the contract, the performance of the conditions thereof on her part to be performed, the breach of the contract and refusal of the Loan Company to execute and deliver a deed for the premises of which she is now in possession under the contract; that the Loan Company had instituted proceedings against her in the Municipal Court of the City of Youngstown to evict her from the premises, and will evict her therefrom unless restrained by an order of the court, whereby she will suffer irreparable loss and injury. In her petition plaintiff prays that the defendant, the Home Savings & Loan Company, may be ordered to execute and deliver to her a warranty deed in and to the premises in accordance with the terms and provisions of the contract; that an injunction may issue restraining he defendants from issuing a writ evicting her from the premises until the issues herein are tried and determined; and that on final hearing the temporary restraining order be made permanent.

A temporary restraining order was issued by the Common Pleas Court in accordance with the prayer of the plaintiff's petition, and thereafter the defendant, the Home Savings & Loan Company, moved the court to dissolve the temporary restraining order, on the ground that the allegations of plaintiff's petition do not set forth facts sufficient to sustain a restraining order. On hearing, the Common Pleas Court dissolved the temporary restraining order and plaintiff prosecutes appeal on questions of law to this court from the last mentioned order.

The Home Savings & Loan Company, appellee, moves to dismiss the appeal on questions of law, on the ground that this court has no jurisdiction to hear the same.

The sole question before this court is whether an order of the Common Pleas Court dissolving a temporary restraining order in an action wherein the ultimate relief sought is specific performance of a contract to convey real estate is such a final order to which appeal of law may be prosecuted before final judgment in the court below. The question is one which has given the courts of this state much concern and about which there is still great doubt.

Sec 6, Article IV of the Constitution as amended in 1912, provides the jurisdiction of this court, the pertinent portion of such section being as follows:

"to review, affirm, modify or reverse the judgments of the Courts of Common Pleas * * *."

In the case of **Chandler & Taylor Co., v Southern Pacific Company, 104 Oh St 188, 135 NE 620,** it is held in the syllabus:

"1. Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term 'judgments' appearing in §6, **Article I** of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in §11582 GC, The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby."

Sec 12223-2 GC defines what is a final order, that section being as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title."

At the present term of this court in Mahoning County in the case of Rev. John Gasper et, plaintiffs-appellants, v Rev. Joseph Kovalchik, defendant-appellee, this court held that an order of the Common Pleas Court dissolving a temporary restraining order theretofore issued by that court in an action wherein the ultimate relief asked was a permanent injunction was not

such final order as that an appeal of law would lie thereto. In that case we held that the order dissolving the temporary restraining order was not "an order affecting a substantial right in a special proceeding" define by the provisions of §12223-2 GC. In that case it was not claimed by appellant that the order dissolving the temporary restraining order was "an order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment," nor that the order appealed from was one made upon "a summary application in an action after judgment" as set forth in §12223-2 GC. With the conclusions reached in that case we remain in full accord.

It seems well settled that in an action wherein the ultimate relief sought is an injunction and order of the Court of Common Pleas granting a temporary injunction is not either a judgment or a final order which may be reviewed upon questions of law. This was the holding of the Supreme Court in the case of The May Company v The Bailey Company, 81 Oh St 471, 91 NE 183.

It is likewise settled that an order overruling a motion to vacate a temporary injunction in a suit in which the ultimate relief sought is an injunction is neither a judgment nor a final order which may be reviewed by the Court of Appeals on questions of law. This was the holding of the Supreme Court in Jones, County Treasurer et v First National Bank of Bellaire, Ohio, 123 Oh St 642, 176 NE 567.

From the holding of the Supreme Court in the last cited cases, we think it clear that in an action wherein the ultimate relief sought is an injunction an order of the Court of Common Pleas sustaining a motion to dissolve a temporary injunction is neither a judgment nor a final order which may be reviewed by the Court of Appeals on questions of law, nor is such order dissolving a temporary restraining order in an action where the ultimate relief sought is injunction, and order made in a special proceeding. All of the cases to which we have hereinbefore referred are distinguished from the case now before this court for the reason that here the order of the Court of Common Pleas granting a temporary restraining order was ancillary to the exercise of its jurisdiction to determine the ultimate issue as to whether the alleged contract for the sale of real estate should be specifically performed. The object of the temporary injunction was to hold matters in statu quo until the case

could be heard on its merits, at which time all of the rights of the defendants in the action could be adjudicated.

It is the claim of counsel for appellant that if the temporary restraining order is allowed to stand dissolved, the appellant, even though a judgment will be obtained in her action for specific performance, will be deprived of a substantial right from which irreparable injury will result in that she will have been evicted and deprived of the possession of the property to which she has the right under the contract, thereby making impossible the full and complete satisfaction of the judgment which she may obtain, if not wholly defeat such judgment because of the possible conveyance of the property in question to an innocent purchaser in the event plaintiff is evicted from possession thereof before such final determination of the action. We can readily see that if the Loan Company be not restrained from evicting plaintiff until the final judgment in the case, plaintiff will be deprived of a substantial right under her contract and prevented from having full and complete satisfaction of her judgment in the event that the court shall grant the ultimate release of specific performance of the contract. But it does not appear to us that in an action of this kind, wherein the real estate must be specifically described in order to obtain specific performance of a contract for the purchase thereof, any purchaser thereof from the Loan Company could obtain such title as would defeat plaintiff's rights therein, because of the doctrine of lis pendens. We believe the courts of our state have made a distinction between the reviewable character of the interlocutory order made in this action, wherein the ultimate relief sought is specific performance from an order either allowing or dissolving a temporary restraining order in an action wherein the ultimate relief sought is injunction only.

In the case of Burke v Railway Company, 45 Oh St 631, 17 NE 557, it is held in a per curiam opinion as follows:

"An order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting a substantial right made in a specific proceeding which may be reviewed on error by the Circuit Court."

The entire opinion in that case is contained within the above quoted language. Relying upon that holding of the Supreme Court, it was held by the Cincinnati Superior Court in the two cases of The Robert

Mitchell Furniture Company v Railway Company, 7 O.N.P. 640, "that an order granting a motion to dissolve an injunction must be an order affecting a substantial right made in a special proceeding, and consequently reviewable on error."

Likewise, on authority of Burke v Railway Company, supra, it was held by the Butler Circuit Court in the case of Chicago St. Louis & Pittsburgh Railroad Company v City of Hamilton, 5 C.C. 259, 2 C.D. 449 that "an order of the Court of Common Pleas dissolving a temporary injunction is reviewable on error before the final disposition of the case in said court."

An earlier decision of the Cincinnati Superior Court, in the case of The Cincinnati College et v City of Cincinnati et, 1 C. S. C R. 255, had held that an order granting a motion to dissolve an injunction was not a final order or judgment to which under §512 GC, a writ of error could lie, basing its decision on a legal construction of §512 GC, given in the case of Taylor et v Fitch, 12 Oh St 169, defining the meaning of a final order as one which in effect determines the action and prevents a judgment.

The decision in the case of Burke v Railway Co., supra, is an excellent example of the futility of rendering decisions wherein merely an abstract statement of the law is set forth, without giving the facts to which the stated law is applicable. This case is referred to in an attempt made to analyze it in the subsequent case of the May Company v The Bailey Company, supra, wherein it is stated by the court:

"Counsel for the plaintiff in error rely upon the case of Burke v Railway Company, 45 Oh St 631, as authority for the conclusion that the order of the Court of Common Pleas in this case was reviewable under §6709 GC as a final order, and that it is within the definition of a final order as given in §6707, Revised Statutes. It is not claimed that the Court of Common Pleas in allowing the temporary injunction rendered a final judgment in the case, or that it made an order which determines an action and prevents a judgment. The precise claim is that it made 'an order affecting a substantial right made in a special proceeding.' Whether the order involved in the case of Burke v Railway Company was or was not an order affecting a substantial right made in a special proceeding, it is entirely clear that the order in the present case is not of that character. This was

a suit for injunction. The order of the Court of Common Pleas was not ancillary to the exercise of its jurisdiction upon any other subject. The application for, and allowance of, the temporary injunction was a part of the ancient suit in equity administered in the main case without any provision of the statute authorizing it, or providing for it, as a proceeding in an action. There was no occasion for dividing up the case, leaving part of it in the Court of Common Pleas, while a part of it was taken to the Circuit Court. The questions involved in the allowance of the temporary injunction were not different from those which would be involved in a consideration of the final judgment, and the case should have been disposed of wholly in the Court of Common Pleas, before a resort was made to the jurisdiction of the Circuit Court."

In Jones v First National Bank of Bellaire, supra, the Supreme Court, after quoting all of the above from May Co. v Bailey Co., supra, states in the opinion as follows:

"There is a very serious conflict in the decisions of the different states on the subject of what constitutes a final order from which appeal or error may be prosecuted. 2 High on Injunction (4th Ed.) §§1693, 1694 and 1702. This conflict arises very largely by reason of the fact that the statutory provisions on the subject are very different in the different states. The sections in High on Injunctions referred to lay down the rule that regardless of the order made, it must carry the element of finality, and numerous decisions to this effect are there cited. This matter of finality is well stated in 2 Ruling Case Law, p. 39, §21 as follows: 'In order that a judgment, decree or order may be appealed from, it may be stated generally that the decision must be final or in the nature of a final decision. The object of this requirement is to prevent the whole cause for determination in a single appeal and thus to prevent the unnecessary expense and delay of repeated appeals.'

"It is quite self-evident that the proceeding instituted by the bank was an action, and not a special proceeding. The temporary injunction issued was certainly an interlocutory order. If the granting of an injunction, as stated in May Co. v Bailey Co., supra, is only an interlocutory order then it is difficult to understand how the overruling of a motion to dissolve such an interlocutory order can be a final order

affecting a substantial interest in a special proceeding."

It is noteworthy that neither in the case of May Company v Bailey Company, supra, nor in Jones v Bank. supra. did the Supreme Court undertake to overrule Burke v Railway Company, supra, and it is our conclusion that the judgments in these cases may be reconciled. We observe and attach great consideration to the following language in the decision of the court in May Company v Bailey Company, supra, on p. 473 of 81 Oh St.:

"The application for and allowance of, the temporary injunction was a part of the ancient suit in equity administered in the main case without any provision of statute authorizing it or providing for it, as a proceeding in an action."

The explanation of this quoted language lies in the fact that there is no statutory provision for the issuance of a temporary restraining order except when "it appears that the defendant is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual."

A plaintiff can have no right in or to a permanent injunction where that is the ultimate relief sought until the final hearing of the action. and it follows that the defendant before such final hearing could do no act in violation of plaintiff's rights respecting the subject of the action. But in an action wherein the ultimate relief sought is, as in this case, specific performance of a contract for the purchase of real estate of which the plaintiff is in possession, the plaintiff does have rights respecting the subject of the action, and we have the specific statutory provisions set forth as §11876 GC, formerly §5572, Revised Statutes, wherein it is provided as follows:

"When it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when. during the litigation, it appears that the defendant is doing or threatens or is about to do, or is procuring or suffering to be done some act

in violation of the plaintiff's rights, respecting the subject of the action, 'and tending to render the judgment ineffectual, a temporary order may be granted restraining such act. When specifically authorized by statute, such order also may be granted."

Since §6672, Revised Statutes was in force and effect at the time of the decision in both Burke v Railway Company, supra, and May Company v Bailey Company, supra, we are of opinion that the judgments in these respective cases are reconcilable upon the theory that the action giving rise to the decision in Burke v Railway Company, supra, was one wherein plaintiff's right to a temporary restraining order was by virtue of the provisions of §5572 R. S.; whereas the action giving rise to the decision in May Company v Bailey Company, supra, was one as stated in the opinion in that case, wherein the application for, and allowance of, the temporary injunction was a part of the ancient suit in equity administered in the main action without any provision of the statute authorizing it, or providing for it, as a proceeding in an action.

As hereinbefore stated, we think it beyond doubt that the order made in this case did affect a substantial right of the plaintiff in the action and had the effect of defeating in part, at least, any judgment which plaintiff might obtain in the action for specific performance. But can it be said that this order "in effect determines the action and prevents a judgment?" We fail to see how the order dissolving the temporary restraining order in effect determined the action for specific performance or prevented a judgment therein. Had not this appeal been prosecuted, the original action would, doubtless, have been heard and determined ere this in the Common Pleas Court, and the rights of the parties under the contract sued upon would have finally been determined in that court, from which final judgment an appeal could have been prosecuted to this court, but the question still remains undecided whether, in addition to being an order affecting a substantial right made in a special proceeding authorized by §11876, GC, the order of dissolution made in this case is likewise, such a judgment as may be reviewed by this court under the grant of jurisdiction contained in §6, Article IV of the Constitution as amended in 1912.

In the case of Woster et v Campbell, 28 O.L.R. 71, the Court of Appeals of Hamilton County held:

"Error proceedings may be taken from an order overruling a motion to dissolve an injunction issued in an action at law."

In the opinion in that case, at page 75, the court says:

"On the question of whether the overruling of the motion to dissolve a temporary injunction issued by the court in an action at law is a judgment within the meaning of §6 of Article IV of the Constitution, giving this court jurisdiction to entertain the petition in error, we hold that the motion to dismiss the petition in error will be overruled on the authority of Forest City Investment Co. v Haas, 110 Oh St 188; Chandler & Co. v Southern Pacific Co., 104 Oh St 188; and Packing Co. v State ex, 100 Oh St 285."

In its opinion that court further observed that the defendant in error does not claim any interest in any of the properties with reference to which he claims to have rendered professional services, and holds that under the facts stated in the petition the issuance of an injunction deprives the plaintiffs in error of a right given by §1 of Article XIV of the Constitution of the United States and §1 of Article 1 of the Constitution of Ohio and substitutes the equitable remedy of injunction for a statutory remedy of attachment. The court quotes the provisions of §11876 GC, and in reference thereto says:

"The pertinent language of the statute is 'doing * * * some act in violation of the plaintiff's rights respecting the subject of the action.' The subject of the action as used in this statute, means the thing in dispute. The thing in dispute in the defendant in error's amended petition is the reasonable value of legal services rendered by him. The subject matter of the action, as used in the statute, refers to some right or interest that the plaintiff has in the property held or controlled by the defendants. Defendant in error does not claim any interest in or right to any of the property held by the plaintiffs in error. Therefore, any act they might do with reference to their own property would not be in violation of a right of the defendant in error. The section of the statute authorizing the issuance of an injunction is limited o the protection of a right or interest that the parties seeking the injunction has in or to the property. It does not give a right to an injunction in an action at law."

With the final decision in Woster et v Campbell, supra, we are in accord, but there may be some question whether the order of the Common Pleas Court in that case was such a judgment or final order to which error could be prosecuted.

To Chandler & Co. v Southern Pacific Co., we have hereinbefore referred for the definition of the Supreme Court of the term "judgment" under §6, Article IV, of the Constitution as amended in 1912.

In Forest City Investment Co v Haas, supra, the Supreme Court held:

"An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of §12258 GC."

In the opinion, at p. 192 of 110 Oh St, the court says:

"Considering that feature of the case—reviewing the appointment of a receiver before the trial of the main action—we may suggest that cases may frequently arise wherein the appointment or nonappointment of a receiver would make ineffectual a judgment thereafter obtained in the main action, especially where serious delay occurred before final hearing on the merits."

"In the instant case the receiver was not only authorized to take charge of the property of the corporation, but to conduct its business. However, whether the order of the court directed the receiver to take charge and conserve the property, or to continue the business, did not affect the underlying principle except in degree only. * * * Can it be said, in either case, that substantial rights of the parties are not affected? * * * The appointment is ancillary to the main action. * * * And the appointment is made in order to conserve the interests of the litigants with respect to the property in custodia legis."

So, in the case we have under consideration the temporary restraining order was ancillary to the main action, was made in order to conserve the interest of the plaintiff with respect to the property which was the subject of the action, and to make effectual a judgment thereafter expected to be obtained in the main action, and was an order affecting a substantial right of the plaintiff and specifically authorized by §11876 GC.

Sec 11876, GC, is pertinent as conferring a substantial right upon the plaintiff respecting the subject of the main action. It must be conceded that the appointment of

a receiver as in the case of Investment Co. v Haas, supra, and the issuance of a temporary restraining order as in the case at bar, have in practically all respects the same purpose.

Other cases affirming the interpretation given by the Supreme Court in Chandler & Co. v Southern Pacific Company, supra, to the term "judgment" under §6, Article IV of the Constitution, are:

Cox v Cox, 104 Oh St 611, 136 NE 823;

Johnson et v Deaton et, 105 Oh St 285, 137 NE 10;

Eastman v The State of Ohio, 131 Oh St 1, 1 (2nd) NE 140;

Fulton, Supt of Banks v Wetzel, 47 Oh Ap 72; 109 NE 776.

In an action wherein the ultimate relief is not merely an injunction but is one for the specific performance of a contract for the purchase of specifically described real estate. such real estate is the subject of the action; and it is the conclusion of this court that under the authorities above cited and especially under the provision of §11876 GC, above quoted, the issuing of the temporary restraining order in this case was an order affecting a substantial right made in a special proceeding; and that the order of the Common Pleas Court setting aside the temporary restraining order theretofore issued in the action was likewise an order affecting a substantial right made in a special proceeding and is a final order within the meaning of §12253 GC, as well as a " judgment" within the meaning of §6, Article IV of the Constitution of Ohio as amended in 1912, and as the term "judgment" is defined and interpreted by the Supreme Court of Ohio.

We have been cited by counsel for appellee to the case of Trustees v McClannahan et, 58 Oh St 403. The case is enlightening for its statement of the proper office of a provisional injunction but it is not otherwise helpful to a determination of the question now before this court.

The motion of appellee to dismiss this appeal of law is overruled.

CARTER, J. concurs.

ROBERTS, J, died after hearing of motion to dismiss and before final determination thereof.