WIOLAND, D. B. A. EDDY FLOORS, APPELLANT, *v.*
MAYFLOWER MOTORS, INC., APPELLEE.

(No. 3859—Decided April 18, 1947.)

*Mr. Vernon Weygandt* and *Mr. Wm. D. Held,* for
the motions.
*Messrs. Bailey & Bailey, contra.*

HUNSICKER, J. This hearing was had on a motion
by appellee to dismiss an appeal on questions of law
and fact from an order of the Common Pleas Court of
Summit county, dissolving a temporary injunction.

The appellant commenced his action against ap-
pellee for specific performance of an alleged contract
of purchase of a 1947 Studebaker one-half-ton truck
and secured a temporary restraining order enjoining
appellee from disposing of such truck during the
pendency of the cause. On motion of the appellee in
the lower court, this temporary injunction was dis-
solved, and it is from such order that this appeal was
taken.

Appellee has also filed a motion to vacate the order
of this court, whereby this court suspended "the
judgment of the said Court of Common Pleas vacating

the injunction heretofore granted in this cause,"
pending this appeal.

Appellee claims "that said appeal is not taken from
the final order granted by the Court of Common Pleas
of Summit county, Ohio."

The question before this court is whether an order
of the Common Pleas Court dissolving a temporary
restraining order, in an action wherein the ultimate
relief sought is specific performance of a contract to
purchase personal property, is a final order from which
an appeal may be prosecuted before final judgment in
the court below.

Under Section 8448, General Code, a part of the
Ohio Sales Act, there is definite statutory authority
to maintain an action to compel specific performance
of a contract to purchase personal property.

We therefore consider the question whether the order
made is a final order within the terms of Section
12223-2, General Code:

The controlling features of this section have, so far
as the instant case is concerned, remained almost
identical from the earliest days of code pleading and
practice. The first such statute was Section 512 of
the Code of Civil Procedure (51 Ohio Laws, 145),
effective July 1, 1853, which section became Section
6707, Revised Statutes, then Section 12258, General
Code, and then Section 12223-2, effective January 1,
1936, amended to its present form, effective August
23, 1937.

Section 12223-2, General Code, provides that a final
order is one (1) affecting a substantial right in an
action, when in effect it determines the action and
prevents a judgment, or (2) affecting a substantial
right, made in a special proceeding, or (3) upon a
summary application in an action after judgment, or
(4) vacating or setting aside a general verdict of a

jury and ordering a new trial.

We need not be concerned with the first, third or fourth items set out above, for they can have no application in the instant case..

Passing, then, to item two, is this a special proceeding within the terms of Section 12223-2?

Section 11237, General Code, provides:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

This definition is that contained in the case of *Missionary Society of M. E. Church* v. *Ely,* 56 Ohio St., 405, 407, 47 N. E., 537, wherein the court said:

"Our code does not, as does the code of New York, specify that every remedy which is not an action is a special proceeding, nor does our statutes give any definition of an action or a special proceeding. But we suppose that any ordinary proceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or an order, is a special proceeding."

Our Code does, however, contain, *inter alia,* two divisions under Part Third, Remedial, Title IV, Procedure in Common Pleas Court, as follows: Division VII, Special Actions, Sections 11901 to 12102-16, inclusive, and Division IX, Special Proceedings, Sections 12148-1 to 12222, inclusive. If these designations in the Code are to be considered as the only special proceedings, then our search need go no further. However,

the courts of this state have held that many other actions are special proceedings, as did the case of *William Watson & Co.* v. *Sullivan,* 5 Ohio St., 42, decided in 1855, shortly after the new form of code pleading was adopted, which case held:

"An order of the Court of Common Pleas, discharging an attachment against a resident as to the whole of the property attached, is an order affecting a substantial right made in a special proceeding, which may be reversed, pending the action in which the order of attachment was made."

The court in that case said, at page 44:

"The Legislature seems to regard all proceedings not theretofore obtained by suit or action, as a special proceeding or special statutory remedy; and it would seem to follow, that a provision in the Code providing a proceeding not by action would be a special proceeding."

The court, continuing, discussed the nature of the rights and duties under an attachment separate from the original action which gives rise to it, and said, at page 45:

"There may be a just cause of action, and no grounds for the order of attachment. They are separate proceedings, and, in the opinion of this court, the attachment is a special proceeding, which may be reversed before the determination of the action."

The similarity between attachment and injunction is at once apparent in reading the General Code sections on injunction—Section 11875 *et seq.*—and hence we are of the opinion that the action taken in the instant case is a special proceeding, within the terms of Section 12223-2.

We next pass to the question, Is this a final order affecting a substantial right of the plaintiff in the instant case?

It should be borne in mind that the ultimate relief sought is specific performance of a contract to purchase personal property.

The earliest case in Ohio directly in point which we have found is *Burke* v. *Railway Co.*, 45 Ohio St., 631, 17 N. E., 557, the *per curiam* opinion of which, consisting of one paragraph, is:

"An order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting a substantial right made in a special proceeding which may be reviewed on error by the Circuit Court."

In the case of *Chicago, St. L. & P. Rd. Co.* v. *City of Hamilton*, 2 C. D., 259, 3 C. C., 455, decided in 1888, the court said:

"1. An order of the Court of Common Pleas, dissolving a temporary injunction, is reviewable on error before the final disposition of the case in said court."

And at page 260, it was said:

"It is an order affecting a substantial right, made in a special proceeding, as much as is an order overruling a motion to dissolve such temporary injunction. It affects the interest of the other party, but that does not alter the principle."

That case was originally brought to enjoin the appropriation of land.

In *Ries* v. *Bank*, 5 C. D., 20, 10 C. C., 656, decided in 1895, the court said:

"It has been settled by the Supreme Court, that error may be prosecuted to an order refusing to dissolve a temporary injunction."

That action involved a supplemental petition by an attaching creditor to enjoin the assignee of real property from selling such property. See, also, *Snell* v. *Cincinnati St. Ry. Co.*, 9 C. D., 264, 16 C. C., 633.

In the case of *Robert Mitchell Furniture Co.* v. *C.*,

*C., C. & St. L. Ry. Co.,* 9 O. D. (N. P.), 674, 7 N. P., 640, the court said, at page 676:

"The first question arose on a motion by the defendants in error to-dismiss these proceedings for that the general term had no power to review on error the order of the court at special term vacating temporary injunction; and reliance for this contention was had upon the case of *Cincinnati College* v. *Nesmith,* 1 C. S. C. R., 255, wherein it was held that an order dissolving a restraining order was not a final order or judgment to which, under Section 512 of the Code, now Section 6707, Revised Statutes, a writ of error would lie. The reason given is that the order sought to be reversed, to be a final order, must be one which in effect determines the action and prevents a judgment. But this, we think, was giving a too restricted meaning to the definition of a final order as provided in Section 6707, Revised Statutes. However this may be, our Supreme Court in *Burke* v. *Railway Co.,* 45 Ohio St., 631, has held that an order overruling a motion to dissolve an injunction is an order affecting a substantial right made in a special proceeding, which may be reviewed on error. We think the converse of that proposition must be true, and hence that an order granting a motion, to dissolve an injunction must be an order affecting substantial right made in a special proceeding, and consequently reviewable on error."

That view of the law is sustained in the case of *Black* v. *Poling,* 45 Ohio Law Abs., 298, 69 N. E. (2d), 372, the syllabus of which reads:

"The overruling of a motion of defendant to dismiss the temporary injunction previously granted to plaintiff (on the authority of *Burke* v. *Railway Co.,* 45 Ohio St., 631), is an order affecting a substantial right made in a special proceeding and is appealable."

The court in the *Black case* questioned its power

to so hold, but did so on the authority of the case of *Burke* v. *Railway Co., supra.*

In the two last pronouncements of the Supreme court, on the subject, *viz., May Co.* v. *Bailey Co.,* 81 Ohio St., 471, 91 N. E., 183, and *Jones, Treas.,* v. *First National Bank of Bellaire,* 123 Ohio St., 642, 176 N. E., 567, the ultimate relief was injunction and not specific performance or some other remedy. With the action taken in those cases there can be no disagreement, for to permit an appeal where there is but a single issue would be to divide the case, leaving part in the Common Pleas Court and part in the Court of Appeals. Where the questions involved in the temporary order are no different from those involved in the main issue, and the action of the trial court is not ancillary to the exercise of its jurisdiction on any other subject, such action cannot be a final order as defined by Section 12223-2, General Code.

Comment on one other case sustaining our position should be made, and that is the case of *Hersch* v. *Home Savings & Loan Co.,* 59 Ohio App., 145, 17 N. E. (2d), 377, which is a well-considered review of all authorities up to the time of the decision in that case . The original action was commenced to secure the specific performance of real property, but the analogy and reasoning are controlling. The court there held:

"An order dissolving a temporary restraining order, issued to restrain the defendants from evicting the plaintiff from premises in an action wherein the ultimate relief sought is the specific performance of a contract to convey the premises, is a final order from which an appeal may be prosecuted."

The motion of the appellee to dismiss is overruled.

Coming now to the motion to vacate the order continuing the injunction granted by the Common Pleas Court, we have examined the transcript of the testi-

mony taken at the hearing in the Common Pleas Court upon the motion to dissolve the injunction, upon which evidence the motion to vacate was here submitted, and from that evidence we are of the opinion that the plaintiff rescinded his agreement to purchase. Such motion is, therefore, sustained.

*Judgment accordingly.*

DOYLE, P. J., and STEVENS, J., concur.