ROOF, APPELLANT, *v.* NATIONAL SURETY CORP. ET AL.,
APPELLEES.

(No. 931—Decided April 16, 1952.)

*Mr. Roy Warren Roof,* for appellant.
*Mr. Samuel Luper,* for appellee.

GUERNSEY, J. This cause is submitted to this court upon the motion of the appellee National Surety Corporation to dismiss the appeal.

The reason assigned in appellee's motion is that:

"The order of the lower court dated November 26, 1951 ordering the 'petition filed herein be stricken from the files and held for naught and that the restraining order issued on the 16th day of July, 1951 be dissolved

and held for naught' is not a final order from which an appeal can be taken.''

The order appealed from, being the order referred to in said motion, is in the words and figures following, to wit:

''This day this cause came before the court upon the motion of the defendant, National Surety Corporation, for an order to strike the petition to vacate judgment from the files and for an order to dissolve the temporary restraining order heretofore issued on the 16th day of July, 1951.

''The court being fully and duly advised in the premises finds said motion in each of its branches well taken and the same is hereby sustained.

''It is the order of the court that the petition filed herein be stricken from the files and held for naught and that the restraining order issued on the 16th day of July, 1951, be dissolved and held for naught.''

Section 12223-2, General Code, in part, provides:

''An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.''

The question raised by the motion to dismiss is, therefore, whether the order appealed from is an order affecting a substantial right in an action which in effect determines the action and prevents a judgment.

In his petition which was stricken from the files, the plaintiff attempts to plead a cause of action in equity to vacate and set aside a judgment on two cognovit notes rendered against him and one Forrest E. Roof in the Court of Common Pleas of Franklin County, Ohio, and the judgment based on said judgment of the Court of Common Pleas of Franklin County rendered against him by the Court of Common Pleas

of Logan County, Ohio, upon the ground that the judgment creditor, defendant herein, had procured said judgments by fraud practiced upon plaintiff and the courts rendering the judgments. The fraud relied upon by the plaintiff for the relief asked is that although plaintiff did not appear as a surety on said cognovit notes he was in fact surety for the said Forrest E. Roof thereon, which was known to the payee who was also the holder thereof and the one who procured the judgment on said notes in the Court of Common Pleas of Franklin County, and that prior to the rendition of said judgment the plaintiff had been discharged as such surety by extensions of the time of payment of the indebtedness evidenced by said cognovit notes without the knowledge or consent of the plaintiff as such surety, and by other acts and conduct on the part of the payee of said notes in derogation of plaintiff's rights as surety thereon; and furthermore that subsequent to the rendition of said judgment by the Court of Common Pleas of Franklin County the judgment creditor, the defendant herein, caused execution to be issued on said judgment to the sheriff of Miami county, Ohio, and levied upon real estate standing of record in the names of Forrest E. Roof and Marguerite Roof, his wife, and later and prior to the commencement of its action against the plaintiff in the Court of Common Pleas of Logan County, Ohio, based on said judgment, ''did settle the judgment obtained by the'' judgment creditor ''against the said Forrest E. Roof and Marguerite Roof in full for the sum of eleven hundred ($1,100) dollars, plus the payments that had been made upon each of the two said notes by the said Forrest E. Roof and Marguerite Roof,'' the aggregate amount thereof being less than the amount then owing on the judgment; the plaintiff asserting that by reason of the facts men-

tioned he was not indebted to the defendant in any amount whatsoever at the time either of said judgments was rendered against him and that the procuring of said judgments, as aforesaid, constituted a fraud practiced upon him and the courts rendering said judgments.

The statutory remedies for the vacating and setting aside of judgments are cumulative to the equitable remedies so that if the facts pleaded in the petition are sufficient to constitute a fraud practiced upon the courts and upon the plaintiff, as asserted by plaintiff, a cause of action in equity for the vacating and setting aside of said judgments is pleaded in said petition.

We will therefore consider whether the facts pleaded, as above mentioned, are sufficient to charge fraud warranting the vacating and setting aside of either or both of said judgments.

Under the Negotiable Instruments Act, in effect at the time the cognovit notes in question were executed and at all times subsequent thereto, a surety, in reality, is an accommodation maker and he becomes primarily liable to any party lawfully holding the paper, his liability to pay being absolute, such liability of the surety not being affected by the fact that the holder for value thereof knew him to occupy the position of surety. 29 Ohio Jurisprudence, 1056, Negotiable Instruments, Section 301. See, also, Section 8134, General Code.

"One who signs a note as an apparent maker and principal debtor, can not subsequently assert the contrary and thus affect his liability on the instrument, and a defense based on the privileges of suretyship, as they existed prior to the Negotiable Instruments Act, is open to demurrer." Paragraph one of syllabus, *Franklin Bank Co. of Newark, Ohio,* v. *G. E. Howell Provision Co.,* 17 N. P. (N. S.), 561. See, also, *City*

*Trust & Savings Bank* v. *Schwartz,* 68 Ohio App., 80, 39 N. E. (2d), 548.

Under Section 8134, General Code, and the authorities mentioned the plaintiff in the instant case was precluded from asserting that he was surety on the cognovit notes in question and was not entitled to any of the rights of a surety. Consequently, the extension of time of payment by the payee of said notes without the knowledge and consent of the plaintiff and the other acts and conduct of the payee relied upon by the plaintiff as discharging him from the payment of said indebtedness did not in any manner affect plaintiff's liability therefor and plaintiff was not thereby discharged from the payment thereof and no fraud was practiced upon him or upon the Common Pleas Court of Franklin County, Ohio, in procuring judgment against plaintiff on said cognovit notes.

We will next consider whether the alleged settlement made by the judgment creditor with the said Forrest E. Roof and Marguerite Roof had the effect of releasing or discharging the plaintiff from the payment of said judgment so that, as claimed by plaintiff, nothing remained owing thereon by plaintiff at the time judgment was rendered thereon against him by the Court of Common Pleas of Logan County.

Under the provisions of Sections 8079 to 8084, inclusive, of the General Code, as interpreted and construed by the Supreme Court in the cases of *Good* v. *Buckeye Mutual Fire Ins. Co.,* 43 Ohio St., 394, 2 N. E., 420, and *Walsh* v. *Miller,* 51 Ohio St., 462, 38 N. E., 381, settlement by a joint judgment debtor of his liability on such judgment, such settlement being less than full satisfaction of the debt, as in the instant case, does not have the effect of releasing or discharging the liability of others jointly liable on the judgment. Consequently, the settlement by Forrest E.

Roof and Marguerite Roof of their liability on the judgment of the Common Pleas Court of Franklin County did not have the effect of releasing or discharging the plaintiff from liability thereon and no fraud was practiced by the judgment creditor upon the plaintiff or the Common Pleas Court of Logan County in procuring the judgment in said court based on the judgment of the Common Pleas Court of Franklin County.

For the reasons above mentioned we conclude that the facts pleaded in plaintiff's petition are not sufficient to state a cause of action for the relief asked in said petition, or any other relief.

As the petition did not state a cause of action the order striking the same from the files, appealed from, did not affect any substantial right of the plaintiff in the action and did not in effect determine the action and prevent a judgment and was therefore not a final order from which an appeal may be taken.

Furthermore, as the petition did not state a cause of action the order dissolving the temporary injunction allowed thereon did not affect any substantial right of the plaintiff in the action and did not in effect determine the action and prevent a judgment and therefore did not constitute a final order from which an appeal may be taken.

The practice of courts in treating motions to strike as a means of testing the sufficiency of pleadings has been condemned by the Supreme Court. *Finch* v. *Finch,* 10 Ohio St., 501, 505; *Robinson, Jr.,* v. *Fitch,* 26 Ohio St., 659, 662.

However, as the petition in this case did not state a cause of action, the action of the court in so treating the motion was not in any way prejudicial to the plaintiff.

As the order appealed from did not constitute a

final order, the motion to dismiss the appeal is sustained and the appeal dismissed at the costs of the appellant.

*Motion sustained.*

MIDDLETON, P. J., and AHL, J., concur.