Robnet et al., Appellants, v. Miller et al., Appellees.

(No. 5649—Decided July 2, 1957.)

*Mr. Robert Dow Hamilton* and *Mr. John J. Duffey*, for appellants.

*Mr. Henry A. Reinhard* and *Mr. Richard C. Addison,* for appellees.

Bryant, J.  The two questions we are called upon to decide here arise under the motion of the Columbus Discount & Loan Corporation, a defendant, an appellee herein, to dismiss the appeal of Charles E. Robnet and others, plaintiffs, appellants herein, upon the ground the order appealed from is not a final order, and the motion of Robnet and the other plaintiffs, appellants herein, to strike the motion to dismiss from the files as being a sham pleading filed merely for the purposes of delay.

Coming to the second question first, we have read the argument of counsel for appellants in which they seek to support their motion to strike from the files the earlier motion of said appellee to dismiss the appeal.

Appellants cite no authority in support of their motion to strike, and it is our opinion that this motion is not well taken and must, therefore, be overruled.

As above stated, the remaining question is whether the motion of the Columbus Discount & Loan Corporation to dismiss the appeal on questions of law filed by the appellants should be sustained.

The petition in this case was filed in the lower court on November 27, 1956, by plaintiffs, Charles E. Robnet and certain others, who brought the suit for themselves and all persons similarly situated. This petition named as defendants, Stanley Miller, four other individuals and three corporations.

At the time of the filing of the petition in the court below, plaintiffs applied for and obtained a temporary restraining order restraining the defendants from taking cognovit judgments or enforcing collection of the notes or transferring or assigning said notes.

Shortly thereafter, defendants moved to dissolve the temporary restraining order, and this came on for hearing before the same judge and was overruled and a temporary injunction was issued.

It is noted that in the prayer of the petition filed on November 27, 1956, and also in the amended petition filed January 25, 1957, the relief sought by the plaintiff included among other things (1) rescission or cancellation of all contracts for freezers so procured by the defendants, Food Fair Budget Plan, Inc., and the National Co-operative Food Service, Inc.; (2) surrender of all cognovit notes in connection with freezer purchase contracts; (3) a restraining order restraining the three defendant corporations from assigning, selling, discounting, negotiating or otherwise disposing of said cognovit notes or from taking cognovit judgment thereon; (4) or otherwise attempting collection upon said notes; (5) reasonable attorney fees and costs; and (6) punitive or exemplary damages in the amount of one hundred thousand dollars ($100,000).

Thereafter, a demurrer to the petition was filed. It was based upon an alleged misjoinder of parties plaintiff. Another judge in the court below upheld the demurrer and found that there was a misjoinder of parties plaintiff.

Plaintiffs filed an amended petition. The defendant Columbus Discount & Loan Corporation filed a motion to dissolve the temporary injunction, and this came on for hearing before a third judge of the court below. The latter sustained it in an order journalized March 1, 1957.

It is from that order that plaintiffs appealed to this court, and a judge of this court has heretofore issued a stay order which later was concurred in by the other two members of the court.

It is upon the foregoing set of facts that this court is asked to pass upon the motion to dismiss filed by defendant Columbus Discount & Loan Corporation, an appellee herein, upon the ground that the order appealed from is not a final order.

Counsel for such defendant cite one case only in support of its motion. It is the case of *Roof* v. *National Surety Corp.*, 92 Ohio App., 295, 110 N. E. (2d), 159, in which the second paragraph of the syllabus reads as follows:

"2. An order striking from the files a petition which does not state a cause of action is not a final order."

We have no quarrel with the legal proposition set forth by that case. Unfortunately, it does not dispose of the question now before the court. As above pointed out the prayers of both the original petition and the amended petition seek relief of several kinds. Plaintiffs allege certain fraudulent acts whereby they were induced to enter into contracts, and they now pray for rescission or cancellation of such contracts. They also pray for surrender of certain cognovit notes in connection therewith, for one hundred thousand dollars ($100,000) punitive or exemplary damages and, in connection therewith, injunctive relief restraining the defendant corporations from taking steps in connection with the notes, which would in any way prejudice the rights of plaintiffs.

Thus, the question to be determined is whether the dissolving of the restraining order and injunction was such a final order as to be appealable. The legislative definition of a final

order is set forth in Section 2505.02, Revised Code (Section 12223-2, General Code), which as far as pertinent here, is as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

It has been decided by the Supreme Court that an appeal may be prosecuted from an order refusing to dissolve a temporary injunction. In the case of *Burke* v. *Railway Co.*, 45 Ohio St., 631, 17 N. E., 557, the Supreme Court in a *per curiam* opinion held as follows:

"An order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting a substantial right made in a special proceeding which may be reviewed on error by the Circuit Court."

It has also been held that the dissolving of a temporary injunction in an appropriation case may be made the subject of appellate proceedings. In 1888, in the case of *Chicago, St. Louis & Pittsburg R. R. Co.* v. *City of Hamilton*, 3 C. C., 455, 2 C. D., 259, it was held in the first paragraph of the syllabus:

"1. An order of the Court of Common Pleas, dissolving a temporary injunction, is reviewable on error before the final disposition of the case in said court."

At page 457 of the opinion the court says:

" * * * It is an order affecting a substantial right, made in a special proceeding, as much as is an order *overruling* a motion *to dissolve* such temporary injunction. It affects the interest of the other party, but that does not alter the principle."

In the case of *Hersch* v. *The Home Savings & Loan Co.*, 59 Ohio App., 145, 17 N. E. (2d), 377, the syllabus is as follows:

"An order dissolving a temporary restraining order, issued to restrain the defendants from evicting the plaintiff from premises in an action wherein the ultimate relief sought is the specific performance of a contract to convey the premises, is a final order from which an appeal may be prosecuted."

That case contains a review of the development of the law on this subject.

In the case of *Wioland* v. *Mayflower Motors, Inc.*, 80 Ohio App., 310, 75 N. E. (2d), 443, the syllabus is as follows:

"An order dissolving a temporary restraining order, which latter order was issued to restrain the defendant from selling a specific article of personal property, the ultimate relief sought being specific performance of a contract to purchase the personal property, is a final order from which an appeal may be prosecuted."

For the reasons above set forth it appears that the order appealed from is a final order within the meaning of the statute, and the motion to dismiss, therefore, is not well taken and must be overruled.

*Motion overruled.*

PETREE, P. J., and MILLER, J., concur.

(Decided August 16, 1957.)

ON MERITS.

BRYANT, J. Plaintiffs, appellants herein, referred to as plaintiffs have appealed on questions of law from a judgment of Judge Robert E. Leach of the Common Pleas Court of Franklin County dissolving a temporary restraining order.

An objection was made by the Columbus Discount & Loan Corporation, herein called the Discount Company, that an appeal could not be made with respect to an order dissolving the temporary restraining order. This court, all three members thereof concurring, overruled that objection and held that, under the circumstances here, such an appeal could be maintained.

Plaintiffs make three assignments of error as follows: (1) That Judge Leach erred in holding that this action brought by plaintiffs cannot be maintained as a class suit; (2) that the court erred in ruling that plaintiffs are not entitled to the relief demanded in their petition; and (3) that the court erred in sustaining the motion to dissolve the temporary restraining order.

A brief reference to the allegations of the petition and the steps heretofore taken will be made. There are eight defendants, including three corporations and five natural persons. In addition to the Discount Company, referred to above, the two other corporate defendants are the Food Fair Budget Plan, Inc., herein called "Food Fair" and the National Co-operative Food Service, Inc., herein called "Food Service."

It is alleged in the petition, in substance, that two of the corporate defendants, namely, Food Fair and Food Service, together with the five persons named as defendants, devised and carried out a scheme whereby plaintiffs were defrauded and misled. The Discount Company, which apparently has purchased a sizable number of notes, is charged with none of the fraudulent scheme or fraudulent acts but is alleged to have had knowledge thereof.

It was alleged the plan went about like this: That the five individual defendants, as salesmen, officers or agents of Food Fair or Food Service, or both, told plaintiffs that Food Fair or Food Service would supply "the normal requirements of foods to plaintiffs at one-half the regular retail price thereof, for a period of two years and thereafter; if plaintiffs would sign certain notes and contracts for the purchase of a food freezer to store said foods." Plaintiffs allege such representations were false and known by defendants to be false and were made to induce plaintiffs to sign contracts and notes for the purchase of freezers "at prices greatly in excess of their regular retail price." Plaintiffs allege that food was supplied for a time at one-half price but that "as soon as their malicious, wanton, and fraudulent purpose was accomplished; and they had signed up other acquaintances of plaintiffs in said scheme, and they had assigned the notes to defendant, the Columbus Discount & Loan Corporation; the aforesaid defendants then ceased supplying said food and thereafter refused to further supply said food at said one-half price."

The petition then alleges the demands were made that the contracts be rescinded, that cognovit notes be returned to them and that the money which they had paid be refunded, but that such demands were refused.

The petition was filed November 27, 1956, and at that time

there were named ten parties plaintiff, all of whom swore positively as to the truth of the allegations contained in the petition. Plaintiffs, at the time of filing the petition, applied to Judge Ralph J. Bartlett of the court below for a temporary restraining order and such order was issued. By this restraining order the three defendant corporations were restrained; (1) From taking cognovit judgments upon notes for the purchase of food freezers; (2) from enforcing collection of the notes or contracts in connection therewith; and (3) from assigning, transferring or disposing of the notes while the litigation is pending. Bond was set at $100.

On November 30, 1956, the Discount Company filed a motion to dissolve this restraining order upon four grounds as follows: (1) The order was granted without notice; (2) it was contrary to law; (3) it is prejudicial to the rights of this defendant; and (4) statements in the petition against the Discount Company are not true.

This motion to dissolve came on for hearing before Judge Bartlett and was overruled by him on December 6, 1956. The bond, however, was increased to $1,000. On December 12, 1956, the names of additional parties plaintiff were added to the petition and supplementary allegations also were added. On December 13, 1956, a demurrer was filed by three of the defendants, namely, Food Fair, Food Service and Roland Ross, who may possibly be the Ronald Ross named as party defendant in the petition and referred to as president of both Food Fair and Food Service in the return of service made by the sheriff.

This demurrer was upon the ground that the facts stated in the petition "show that a class suit is not authorized or maintainable against these defendants."

On January 3, 1957, the Discount Company filed its answer alleging that it is engaged in the business of purchasing commercial paper, namely, notes and mortgages from dealers. It sets up eight defenses, one of them alleging a misjoinder of parties plaintiff and another setting forth a general denial.

On January 15, 1957, Judge Marshall announced his decision on the demurrer, deciding that the parties plaintiff fall into two different classes. In his decision there appears the following language:

"In one class, described as 'in many cases,' certain plaintiffs were told that if they made purchases of frozen food for two years, the defendants would give freezers to such plaintiffs, without cost, but in making such representations the defendants had no intention to make gifts of the freezers and knew this when the representations were made.

"Another group or class of plaintiffs, described as 'in other cases,' allege they were induced to sign what was represented to be 'a protective device,' when, in fact, what was offered for signature and which was in fact signed, were blank contracts and cognovit notes.

"Here on the face of the petition is disclosed two entirely different classes of plaintiffs, with different kinds of representations described for each group. They may be considered somewhat similar types of fraud, but they certainly are not the same or identical fraud practiced by defendants on all 62 plaintiffs in this case."

Judge Marshall concluded his decision by stating, "we do not say that a proper class action cannot be drawn in an equity case, seeking the equitable remedy of rescission and cancellation of instruments, which would withstand a demurrer, but we do not believe the present petition, as amended, can withstand the demurrer filed by the defendants. Plaintiffs may file one or more amended petitions in accordance with this ruling."

In accordance with this decision Judge Marshall signed, and there was filed, a journal entry on January 25, 1957, and on the same day plaintiffs filed an amended petition which they contend is a full and complete compliance with the order made by Judge Marshall. They have made the representations referred to in the decision of Judge Marshall applicable to all the plaintiffs, contending that this makes one class only.

On February 1, 1957, the Discount Company filed a motion to dissolve, containing three of the four grounds set forth by this same defendant in its previous motion to dissolve filed on November 30, 1956.

However, there was added a fourth ground, namely, that a demurrer to the petition had been sustained. This later motion came before Judge Leach for decision, and, as heretofore stated, his decision to dissolve the restraining order forms the basis

**for** the appeal on questions of law now before this court. We are not unmindful of the fact that the main portion of the lawsuit has at all times remained in the lower court. It is, of course, desirable and in most cases absolutely necessary to have the ruling of the lower court on each and every question before passing upon it upon appeal. We feel that the order made by Judge Leach as disclosed by the journal entry on March 1, 1957, was erroneous and should be vacated and set aside. The very question before the lower court on the second motion to dismiss had been passed upon almost two months earlier by another member of the lower court.

We have examined the bill of exceptions. We do not believe the Discount Company has sustained the burden which the law places upon it. The burden was on the Discount Company to show that it was entitled to the order sought. This it failed to do. Only a single witness testified. He was Robert H. Hanback, manager of the Discount Company. The court limited his testimony to the so-called basic question of what amount of bond would be required. He furnished the court with statistical information having to do with the accounts and negotiable papers held by the Discount Company.

But even if the burden had been maintained by the Discount Company there is another defect in the order, namely, that only one defendant asked for a dissolution of the restraining order which then applied also to the other seven defendants. The language of the motion says the allegations of the petition as to this particular defendant are not true. According to the petition this defendant is the least culpable of any of the defendants. The petition merely says the Discount Company took the notes with knowledge of defects in them. The motion does not say that the allegations are untrue as to the other seven defendants, yet the court by its order lifted its injunction as to all eight defendants. The journal entry of March 1, 1957, incorporates into the court's record the decision previously given and appears, also, to run contra to the order and decision previously made by Judge Marshall, when it states that "from the petition and evidence that the plaintiffs are not entitled to the relief demanded, and that this action is not maintainable as a class suit." The previous decision and entry by Judge Marshall

merely had found there were two classes improperly joined and had given plaintiffs permission to amend, which they had attempted to do. As before stated, the evidence we were able to find in the record is insufficient to sustain the burden and appears to be limited to the question of the amount of the bond.

The opinions of the court below have been examined with care in an effort to find what distinction or difference, if any, was made with reference to questions arising out of Section 2307.18, Revised Code, relating to joinder of plaintiffs, and Section 2307.21, Revised Code, relative to bringing class actions. One frailty suggested, namely, that some of the members of the class may want to keep their home freezers, is interesting. The class was described as including persons who were tricked, deceived and misled into believing they were getting a freezer without charge if they would buy frozen food at one-half price, and it is difficult to imagine one of this class electing to pay out his contract to the last penny. Even if one such person were found, if a so-called unnamed plaintiff could assert such a claim no such claim could be advanced or maintained by those whose names appear at the head of the petition.

One more point is worthy of mention. The Discount Company had, on January 3, 1957, filed its answer containing among other things the defense of the so-called misjoinder. The propriety of raising by way of motion the substantially similar question set forth in an answer filed nearly a month previously is open to some question.

In conclusion, the entry of March 1, 1957, appears to have set aside, without adequate evidence, decisions previously made by two judges of the same court. There may be circumstances when such action is permissible. However, the result may be confusing to litigants.

As far as we know it is not uncommon in case of courts of first instance composed of more than one judge, where each judge has the full power alone to sit and determine cases and questions, for the rule to be adhered to that when a matter in regular course comes before one of them and is decided it will not be reversed by another member of that court, in the absence of a showing of new facts or circumstances of a material nature. Such a practice would seem to be sound procedure.

For the reasons set forth above the order appealed from is reversed and the cause is remanded to the court below for further proceedings in accordance with law. This will permit the issues to be determined in the trial court on the merits.

*Judgment reversed.*

PETREE, P. J., and MILLER, J., concur.