Younger, J.
This court, in a per curiam opinion in the case of Burke v. Railway Co., 45 Ohio St., 631, held as follows:
*307 “An order of the Court of Common Pleas overruling a motion to dissolve an injunction is an order affecting a substantial right made in a special proceeding which may be reviewed on error by the Circuit Court.”
There is no statement of facts in the report of that case, but from the style of the case it is safe to assume that it was not a divorce or alimony action, and there is nothing in the opinion to make definite whether the injunction under consideration was temporary or permanent in nature. However, we learn from a related case (Columbus, Hocking Valley & Toledo Ry. Co. v. Burke, 54 Ohio St., 98, in which an attempt was made to collect upon the bond given) that it was a temporary injunction granted at the start of the case.
That case is criticized in Hersch v. Home Savings & Loan Co., 59 Ohio App., 145, as follows:
“The decision in the case of Burke v. Ry. Co., supra, is an excellent example of the futility of rendering decisions wherein merely an abstract statement of the law is set forth, without giving the facts to which the stated law is applicable. * # # J ?
in the case of Black v. Poling, supra, the court held:
“The overruling of a motion of defendant to dismiss the temporary injunction previously granted to plaintiff (on the authority of Burke v. Railway Co., 45 Oh. St. 631), is an order affecting a substantial right made in a special proceeding and is appealable.”
The court stated further:
“But for the pronouncement of the Supreme Court in Burke v. Railway Co., we would seriously doubt if the overruling of a motion to dissolve a temporary injunction is an order affecting a substantial right made in a special proceeding. But for the controlling precedent, we would be disposed to hold in this case that the temporary injunction granted by the trial judge merely operated as an interlocutory order, being effective to hold the subject matter of the suit in status quo, and that the overruling of the motion to dissolve this injunction had none of the elements of finality essential to an appeal-able order or judgment; and further, that the order was not made in a special proceeding.
*308 “The motion will be overruled.”
The Court of Appeals, in the case of Elder v. Elder, supra, held:
“Orders in an action for divorce granting temporary restraining orders are appealable orders.”
That decision was based upon the court’s ruling in Black v. Poling, supra.
Section 3105.20, Revised Code, is pertinent to the disposition of the question involved. It provides as follows:
“When it is made to appear to the Court of Common Pleas, or a judge in vacation, that a party is about to dispose of or encumber property, or any part thereof, so as to defeat the other in obtaining alimony, the court or judge may allow an injunction, with or without bond, to prevent such action. * * * In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction. ’ ’
It is thus clear that the legislative intention was to clothe the Common Pleas Court, or a judge thereof in vacation, with full power and authority in domestic relations cases to preserve the status quo existing at the time of the filing of the petition until such time as the court can dispose of the alimony or support problems or a division of the property. The property or property rights, including bank deposits, stocks, bonds and other assets, may thus be kept intact and readily available for such disposition or transfer as the court shall ultimately decide to be proper. Otherwise, a spouse in control of transferable property could effectively defeat the rights of the other spouse and delay, circumvent or greatly impede the court in making proper orders as to alimony, support or a division of the property.
It is alleged here that the defendant husband has an account with defendant The Cleveland Trust Company, that he is the principal stockholder in Petrus Machinery, Inc., and Ridge Industrial Realty Company, Inc., and that in violation of the various restraining orders he has transferred part or all of his stock in the two corporations above mentioned to the defendant Swanson. These three defendants-appellants herein, may, therefore, be either stakeholders, garnishees or conspira *309 tors with the defendant husband. The Common Pleas Court, to maintain the status quo, issued temporary restraining orders as to them. No substantial rights as to them were adjudicated or affected.
It follows, therefore, that the judgment of the Court of Appeals in dismissing the appeals from the judgment of the Common Pleas Court overruling these appellants ’ motions to be dismissed as parties defendant and requesting the dismissal of the restraining orders, as not being final appealable orders, must be, and hereby is, affirmed.
It also follows that the case of Burke v. Railway Co., 45 Ohio St., 631, must be, and hereby is, overruled.

Judgment affirmed.

Zimmerman, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.
Younger, J., of the Third Appellate District, sitting by designation in the place and stead of Matthias, J.