DARBY, APPELLEE, *v.* CHAMBERS, APPELLANT.

(No. 6074—Decided March 9, 1942.)

*Messrs. Dolle, O'Donnell & Cash,* for appellee.
*Mr. Oliver G. Bailey* and *Mr. Henry L. Rockel,* for appellant.

MATTHEWS, J. This appeal brings before us for review a judgment on two notes. There was some dispute as to the exact date of the execution of the notes. They bore the dates of 1927 and 1928. They probably were actually executed one year later, but the point is immaterial. They were both executed long after the Uniform Negotiable Instruments Act was effective in this state.

The issues of fact were submitted to a jury which found for the plaintiff and judgment was entered on the verdict.

There was no denial that the defendant executed both notes, one of which purported to bind him to pay to the order of the plaintiff the sum of $5,000, and the other to pay to her order $3,000. The $5,000 note was secured by a mortgage on real estate. Both were, in form, negotiable instruments. The defendant admits that the $3,000 note was intended to and did bind him according to its tenor, but raised by his answer the

issue of whether the $5,000 note was intended as a present obligation at the time of its delivery, and sought by his evidence to prove that it had never become a binding obligation.

Payments were made by the defendant aggregating slightly more than $3,000. He claimed that all these payments should be applied on the $3,000 note, thereby extinguishing it.

The plaintiff claimed that one payment of $1,250 was made to reduce the $5,000 note to $4,000, and that all the other payments were on account of interest on the aggregate indebtedness. The defendant did not dispute that when he gave the plaintiff the $5,000 note secured by the mortgage he received from her $5,000, but he says he did not receive it as a present loan but for the purpose of investing it for her, and that he did invest it according to this agreement. Upon the subject of this agreement which according to his testimony was oral and made prior to or contemporaneously with the execution and delivery of the note he said:

"Q. Under what were the conditions, if any, that you gave the original note dated April 20, 1928, to Mrs. Darby? A. This duplicate?

"Q. No, the original. A. The original note was given as evidence of the money that she was advancing to go into with me, into this deal, and as this transaction might take time she asked for a note as evidence of the indebtedness.

"Q. When you gave this note did you receive funds from Mrs. Darby in the amount of $5,000? A. $5,000.

"Q. Did you deposit this fund in your account? A. I did."

The note and mortgage were given in response to the plaintiff's request, and there is no suggestion of mistake or fraud in their execution, or that any cir-

cumstances existed that would justify the court in reforming the instruments to conform to the terms of any prior agreement, which they were intended to memorialize. There was no prayer for reformation.

According to the defendant's own testimony this note and mortgage were given to evidence the agreement between the parties. His testimony does not show a delivery to take effect on the happening of a condition precedent. It shows that it was intended as evidence of the agreement under which the plaintiff paid the defendant $5,000 at the time. It shows an agreement on a method of discharge different from that expressed in the note. That, of course, would vary the terms of the writing, and, under the parol evidence rule, could not be proven by prior or contemporaneous conversations on the subject. But the defendant testified to conversations with the plaintiff after the execution of the note which would indicate that she reaffirmed the agreement. The plaintiff denied having had any such conversation with the defendant either before or after the execution of the note and mortgage.

It will be seen that this raised a sharp issue of fact. This issue related to the discharge of the instrument, it seems to us, the burden of proving which would clearly be on the defendant. However, the trial court treated the issue as that of want of consideration and placed the burden of proving the issue upon the defendant. It is claimed the court erred in so doing. Counsel cite *Ginn* v. *Dolan,* 81 Ohio St., 121, 90 N. E., 141, in support of their contention.

The Uniform Negotiable Instruments Act was incorporated into the statute law of Ohio on January 1, 1903. *Ginn* v. *Dolan, supra,* was decided in November 1909. The date of the note under consideration is not given in the published report of the case and the

Uniform Negotiable Instruments Act is not mentioned. However, the printed record shows that the note was executed in 1902. It was therefore in existence when the Uniform Negotiable Instruments Act became a part of the law of this state. By Section 8299, General Code, which is a part of the Uniform Negotiable Instruments Act, it is provided that:

"The provisions of this division do not apply to negotiable instruments made and delivered prior to its taking effect."

So it is clear that the provisions of the Uniform Negotiable Instruments Act did not apply to the note under consideration in *Ginn* v. *Dolan, supra*. However, the fact that the case was decided almost six years after the "uniform" act became effective in this state has caused this case to be cited frequently by careful textwriters and others as a case construing the "uniform" act. The failure to mention the date of the note in the published report has contributed to this error. 1 University of Cincinnati Law Review, 200, 336.

The law on the subject of the burden of proof on want of or failure of consideration was in great confusion as found in the case law of the different states. There was conflict on many other phases of negotiable instrument law. The Uniform Negotiable Instruments Act, as its title indicates, was not intended as a mere codification of existing law. Where there was a conflict in the law of the different states the "uniform" act was intended to make a change, so as to create uniformity. *Rockfield* v. *Bank,* 77 Ohio St., 311, 329, 83 N. E., 392, 14 L. R. A. (N. S.), 842.

There has been no decision of the Supreme Court of this state construing Section 8133, General Code, which is the Ohio equivalent of Section 28 of the Uni-

form Negotiable Instruments Law. By that section, it is enacted that:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

In several states the courts continued to apply their pre-existing law after the passage of the act. As a result, in several opinions handed down after the act had been passed, the burden of proving (that is, the risk of non-persuasion) that the note was supported by consideration was placed upon the plaintiff. In these opinions the Uniform Negotiable Instruments Act was not mentioned, probably, because counsel failed to call attention to it. However, by 1938, the overwhelming number of courts that had considered this subject since the "uniform" act had become effective in the respective states had reached the conclusion that the burden was on the defendant to prove not only failure of consideration, but also want of consideration, when either issue was raised and that both were affirmative defenses under the act. In Brannan on Negotiable Instruments (6 Ed.), 363 *et seq.,* Section 24, the author collects and classifies the cases to 1938 and shows that the overwhelming weight of the cases placed the burden on the defendant. Following this classification, at page 365, the author says:

"It seems indeed strange that in so many cases decided from five to twenty years after the Negotiable Instruments Law went into effect no reference should be made to the Act or to the sections especially affecting a question upon which there had been such a conflict of opinion in the United States. Such decisions are not to be accorded any weight, and should be

overruled insofar as they affect this point. See also, cases *infra,* under Section 28.''

The rule that plaintiff had the burden of proving that the note was supported by consideration at the time of its execution was supported by the prestige of the Supreme Court of Massachusetts and it became known as the ''Massachusetts Rule.'' 1 University of Cincinnati Law Review, 202. That state adhered to it long after the Massachusetts Legislature had enacted the Uniform Negotiable Instruments Act and decided cases involving the point without mentioning the statute, but in 1940 in the case of *Leonard* v. *Woodward,* 305 Mass., 332, 25 N. E. (2d), 705, 127 A. L. R., 999, the court took cognizance of the statute and construed it to place the burden of proving want of as well as failure of consideration upon the defendant. Speaking of its former decisions, the court said, at page 337:

''None of them discusses or even mentions Section 28, now Section 51, of that law. We venture to believe that the court did not intend to assert a construction of this section which seems to us contrary to its true intent, and that the court did not have the statute in mind in drawing up its opinions in these cases.''

Assuming that want of consideration was the issue, we are of the opinion that the court was right in placing the burden of proving it upon the defendant. And, if the defense be considered as a plea of discharge, it would clearly be affirmative, the burden of proving which was on the defendant.

We find no error in the record prejudicial to the appellant.

The judgment is affirmed.

*Judgment affirmed.*

HAMILTON and Ross, JJ., concur.