Williams, J.
 

 The sole question is: On whom does the burden of proof rest in an action brought by the Attorney General in the name of the state against a
 
 *238
 
 non-complying employer based upon an award by the Industrial Commission pursuant to Section 1465-74, General Code, which, makes, a certified copy of the record of the commission’s proceedings
 
 prima facie
 
 evidence of facts therein?
 

 The pertinent part of Section 1465-74, General Code, reads thus: “In the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, or to furnish such bond, .within a period of ten days after notification of such award, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the commission, and the commission shall certify the same to the Attorney General who shall forthwith institute a civil action against such employer in the name of the state, for the collection of such award. In such action it shall be sufficient for plaintiff to set forth a copy of the record of proceedings of the commission relative to such claims as certified by the commission to the Attorney General and to state that there is due to plaintiff on account of such finding and award of the commission a specified sum which plaintiff claims with interest. A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute
 
 prima facie
 
 evidence of the truth of the facts therein contained.”
 

 The non-complying employer when sued on an award has a right by way of defense to set up among other things that the injury causing death was not received in the course of and did not arise out of the employment.
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Pittsburgh, Coal Co.
 
 v.
 
 Industrial Commission,
 
 108 Ohio St., 185, 140 N. E., 684. But the defense is not an affirmative one which is required to be proven by a preponderance of the evidence. The affirmative of the issue remains with the plaintiff. When the plaintiff offers a certified
 
 *239
 
 copy of the proceedings before the commission and rests, a
 
 prima facie
 
 case is made under the statute. By such course the plaintiff has met the burden which rests on him in the first instance. Thereupon the burden of going forward shifts to the defendant employer but not the burden of proof. That never shifts but at all times remains on the party that has the affirmative of the issue.
 

 A good illustration of the principle is found in
 
 Klunk
 
 v.
 
 Hocking Valley Ry. Co.,
 
 74 Ohio St., 125, 77 N. E., 752. The statute involved in that case made a defect in a car or locomotive
 
 prima facie
 
 evidence of the negligence of the defendant railroad company. It was held that the burden was not on the defendant to prove it was not guilty of negligence with respect to such defect but that the burden rested constantly on the plaintiff to prove negligence of defendant.
 

 Likewise the case of
 
 Ginn, Admr.,
 
 v.
 
 Dolan,
 
 81 Ohio St., 121, 90 N. E., 141, is instructive upon the question presented. Plaintiff sued defendant on a promissory note; thereupon the latter pleaded want of consideration. This court held that the burden of proof as to that issue was on the plaintiff at every stage of the case. The parallel is close. In such a case the plaintiff may rest without offering any evidence to prove consideration for reasons which are obvious. A promissory note imports consideration and when execution and delivery are admitted or shown and the note offered in evidence, a
 
 prima facie
 
 case is made out. The burden to go forward with respect to the defense of want of consideration is upon the defendant but the burden of proof rests continuously upon the plaintiff.
 

 In the instant case plaintiff offered the certified copy of the proceedings and rested. Thereupon the defendant employer offered evidence which tended to show that the injury resulting in death was not received in the course of and did not arise out of the
 
 *240
 
 employment. The plaintiff then offered evidence in rebuttal. Thus an issue of fact arose upon this defense. In charging that the burden of proof was on the defendant to prove his defense by a preponderance of the evidence the court committed prejudicial error. Under the rule, as heretofore explained, the burden of proof was upon the plaintiff throughout the trial and did not shift.
 

 The Court of Appeals did not err in reversing the judgment of the trial court for so charging. Therefore the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.