BAYER, APPELLEE, *v.* SANFORD, APPELLANT.

(No. 1449—Decided December 12, 1946.)

*Messrs. Kennedy, Kennedy & Purdy,* for appellee.
*Mr. Robert Carpenter* and *Mr. Leo J. Scanlon,* for appellant.

GUERNSEY, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of

Crawford county in an action wherein Carl Bayer, appellee herein, was plaintiff and the appellant, David E. Sanford, was defendant.

The action was one to recover an amount of money alleged to be due on a promissory note.

Such of the evidence as is essential to a disposal of the case will be discussed under the separate assignments of error to which it relates.

The assignments of error will be discussed in the order and under the numbers in which they appear.

Assignment No. 1. In his answer, the defendant admitted the execution and delivery of the promissory note on which the action was based. The note was identified and offered in evidence by the plaintiff in his case in chief. This made a *prima facie* case for recovery by the plaintiff of the amount appearing upon the face of the note to be due, and the court, therefore, properly overruled defendant's motion for a directed verdict in his favor at the close of plaintiff's evidence. *State, ex rel. Herbert, Atty. Genl.,* v. *Hoff,* 140 Ohio St., 236, 239, 42 N. E. (2d), 990. See, also, *Darby* v. *Chambers,* 70 Ohio App., 287, 46 N. E. (2d), 302; *Haefner, Admr.,* v. *First Natl. Bank of Elmwood Place,* 70 Ohio App., 293, 44 N. E. (2d), 489.

Furthermore, if the court had erred in refusing to grant such motion, the error was waived by the defendant in introducing evidence in support of his defense.

Assignments Nos. 2 and 3. These assignments are based upon the refusal of the court to admit testimony in support of the second defense of the answer.

For his second defense the defendant pleaded that on September 23, 1934, he filed his petition in the District Court of the United States for the Northern District of Ohio, Western Division, in case No. 11169, under the provisions of Section 75 of the Bankruptcy

Act, the prayer of that petition being that he be offered an opportunity to effect a composition or an extension of time to pay his debts under the provisions of such act; and that on September 26, 1934, he filed his proposition of composition or extension in such court, in which he proposed that he and his wife execute notes to his secured and unsecured creditors for the respective amounts due and payable in 1940, or six years after date, without interest.

Defendant further pleaded that the note upon which the instant action is founded was listed by him among his debts; that the plaintiff was listed as a creditor in the bankruptcy proceeding; that due notice in writing was given to all defendant's creditors, including the plaintiff, of the proposed composition or extension of time; that a meeting of such creditors was held at the post-office building at Tiffin, Ohio, on the 9th day of October 1934; that at such meeting a majority of the creditors, both in number and the amounts owing them, including the plaintiff, agreed in writing to accept the proposal and receive notes executed by the defendant and his wife, Elizabeth Sanford, in satisfaction of the debts of the defendant; and that thereby the note upon which this action is based was fully discharged and extinguished.

In his reply to such defense, the plaintiff admitted the filing by the defendant of the petition in bankruptcy, as alleged; that plaintiff was a secured creditor of the defendant, was listed as such and was notified of the bankruptcy proceeding and of a meeting of the creditors of defendant to be held as alleged; that on the 9th day of October plaintiff held a promissory note (being the promissory note a copy of which is attached to the petition herein); and that payment of the same was secured by a chattel mortgage. Plaintiff denied each and every allegation in the second defense of the

answer not expressly admitted to be true in his reply.

In the statement to the jury, counsel for plaintiff, among other things, stated that the evidence would show that about September 1934 the defendant went into bankruptcy under what is known as the Frazier-Lemke Act; that just what was done he did not know; that probably the evidence would disclose that defendant sought to have deferred and canceled interest upon all his obligations for a period of six years; and, that there was some kind of proceeding in bankruptcy about October 1934 which took place at the post office at Tiffin before a referee or conciliation commissioner. He further stated that the evidence would disclose that 1940 passed and there was no interest paid thereafter.

In his second defense, the defendant did not allege the execution and delivery by him and his wife of their notes to creditors pursuant to such proposal and did not allege that application was made by him for the confirmation by the court of such extension proposal or the fixing of a date and place for the hearing of the application to confirm such extension proposal, or that the same was heard or confirmed by the court, all of which acts and things were necessary under the terms of such act to make the proposal and acceptance thereof effective to bind the plaintiff to such proposed extension.

Without such affirmative allegations of compliance with the terms of such act, in the respects mentioned, the facts alleged in the second defense did not constitute a defense.

The allegation of the second defense "that thereby the note upon which this action is based was fully discharged and extinguished" did not remedy that deficiency as such allegation was a mere conclusion of law not warranted by the allegations upon which it was predicated, raised no issue, added nothing to the

value of the pleading and was of no legal effect or significance. 41 American Jurisprudence, 300, Section 16.

The admissions made by the plaintiff in his reply, or the above-mentioned statements made by plaintiff's counsel to the jury, did not in any manner supply or cure the deficiencies in defendant's second defense.

The court properly excluded the oral testimony sought to be offered by defendant in support of his second defense, upon the ground that the records of the United States court in the proceedings mentioned were the best evidence. Such testimony was properly excluded because the facts alleged in the second defense did not constitute a defense.

Assignments Nos. 4 and 5. Defendant contends the court erred in denying to him the right to open and close in argument, erred in the charge to the jury by submitting the cause on the third defense only and erred in charging that the burden of proof was upon the defendant to show by a preponderance of the evidence that the note in question had been satisfied, discharged and extinguished, as claimed in the third defense.

As hereinbefore mentioned, the court properly excluded all the evidence offered by defendant in support of his second defense. The admission by defendant, in his first defense, of the execution and delivery of the note upon which the suit was based and the admission of the note in evidence made a *prima facie* case for the recovery of the amount appearing due on the face of the note. The only evidence to controvert that *prima facie* case was the evidence introduced by the defendant tending to prove that the note in question has been satisfied, discharged and extinguished, as claimed in the third defense.

Upon the issue made by the petition and the third

defense the defendant had the burden of proving by a preponderance of the evidence the facts alleged in such defense, and unless the defendant prevailed on that defense the plaintiff was entitled to recover upon the *prima facie* case made by him as aforesaid. In this situation the court did not err in submitting the cause on the third defense only and charging that the burden of proof was upon the defendant to show by a preponderance of the evidence that the note in question had been satisfied, discharged and extinguished, as pleaded in the third defense.

Nor did the court err in denying to the defendant the right to open and close argument, as the burden of proof was primarily upon the plaintiff to establish his cause of action, the burden of proof being secondarily on the defendant to establish his third defense.

Furthermore, the matter of fixing the opening and closing of argument was largely a matter of discretion for the trial court, and no abuse of discretion was shown.

Assignment No. 6. In case the jury decided the issue submitted to them in favor of the plaintiff, the amount of its verdict upon the evidence submitted should have been the amount, with interest, appearing due upon the face of the note. The court, in the submission of the two forms of verdict to the jury, attempted to do this but through an error in computation the court inserted in the form of verdict for plaintiff the sum of $3471.48 instead of $3438.54, the amount appearing due upon the face of the note.

The plaintiff has filed in this court an offer of remittitur reducing the judgment rendered on the verdict, the sum of $32.94, which will cure the error in computation made by the court. This court will reduce the judgment accordingly.

Assignments Nos. 7, 8 and 9. There is substantial credible evidence to sustain the verdict and judgment

as reduced by remittitur and when this remittitur is made as the court has found and directed it should be made, neither the verdict nor the judgment is against the weight of the evidence or contrary to law.

Assignment No. 10. All the matters assigned as errors in the motion for new trial have been considered above and found to be without merit, so the court did not err in overruling the motion.

Assignment No. 11. This assignment charges other errors manifest upon the face of the record. However, no errors are argued in defendant's brief, and under the statute and the practice of this court such assignment will not be considered.

As we find no error in any of the particulars specified and argued in defendant's brief, except the error in computation of the amount appearing due on the note, which may be cured by the remittitur offered by the plaintiff, the judgment as reduced by the amount of such remittitur is affirmed at costs of plaintiff.

*Judgment modified and affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.