**KENNEDY, Estate of, In Re.**

Ohio Appeals, Second District, Franklin County.

No. 4075. Decided February 27, 1948.

Allen I. Pretzman, Columbus, for appellant, W. C. Kennedy & Sons Company.

·G. C. Raver, Columbus, for appellee, William Schneider, the Executor.

Wendell H. Lilly, Columbus, for appellee, Amelia C. Kennedy, Widow.

250

**OPINION**

By WISEMAN, PJ.

This is an appeal on law and fact from the judgment of the Probate Court of Franklin County, Ohio in which the Court found that the applicant, W. C. Kennedy & Sons Company, the appellant herein, had no valid lien on certain shares of stock the ownership of which was in William C. Kennedy, deceased, who died testate on April 29, 1946.

During the administration of the estate of William C. Kennedy the Probate Court ordered the executor of said estate to sell fifty shares of stock owned by the decedent in the W. C. Kennedy & Sons Company, hereinafter referred to as "Company". Within a few days thereafter the Company filed an application in the Probate Court seeking a determination as to the validity of a lien of the Company against said stock to the extent of $2500.00. The Company claims that on October 15, 1945, it executed a note to the Ohio National Bank for $15,000.00; that said note was signed by the Company, and, also, by William C. Kennedy and his son, Platt Kennedy; that the Company paid $10,000.00 on said note in December, 1945, leaving a balance due of $5000.00. The Company further claims that in the latter part of December, 1945, William C. Kennedy and Platt Kennedy each agreed to assume personally one-half of the balance due on said obligation and to indemnify the Company from liability thereon; that William C. Kennedy and Platt Kennedy each pledged 50 shares of stock in said Company as collateral security for the payment of said obligation; that on January 1, 1946, the Company paid to the bank the balance due on said note in the amount of $5000.00; that subsequently Platt Kennedy paid to the Company $2500.00 being his part of the obligation assumed, but that William C. Kennedy failed to pay $2500.00 being his part of the obligation assumed; that at the time of his death there was due the Company from William C. Kennedy $2500.00; that the Company now asserts its lien on said shares of stock pledged by William C. Kennedy to the extent of $2500.00. The Probate Court found against the Company and from this judgment the Company has filed this appeal.

By stipulation of counsel the case is submitted on the record made in the Probate Court. The evidence shows that the Company was a close corporation; that William C. Kennedy held 50 shares and Platt Kennedy held 55 shares of the 125 shares of stock outstanding; that the note given to the bank was executed and paid as claimed; that on December 28, 1945, William C. Kennedy and Platt Kennedy each executed a $2500.00 note payable in 120 days to the Company and each pledged 50 shares of stock in said Company as collateral; that the shares of stock were placed in the possession of the secretary of the Company; that Platt Kennedy paid his note when due, that the note for $2500.00 executed by William C. Kennedy was not paid and was not produced in court, the explanation being that the office of the Company was burglarized in October, 1946, and the papers of the Company including this note were lost. The corporation records of the Company do not disclose the transaction which transpired between the Company, William C. Kennedy and Platt Kennedy at the time the notes were executed.

An issue of fact is made as to whether the notes were ever executed, and, if executed, whether the notes were ever delivered to and came into possssion of said Company. On the state of the record we have no difficulty in resolving these issues of fact in favor of the Company. It is contended that the pledge of the stock fails on the ground that there was no consideration for the note. The original bank loan in the sum of $15,000.00 was for the benefit of the Company. With respect to the bank, the payee of said note, all these makers were personally liable. As between the makers, William C. Kennedy and Platt Kennedy were sureties on said note. After the execution of the notes in the amount of $2500.00 by William C. Kennedy and Platt Kennedy, the Company paid to the bank out of its corporate funds $5000.00 being the balance due on the bank note. No money was furnished to the Company to make said payment by either William C. Kennedy or Platt Kennedy.

A valuable consideration may consist of some benefit accruing to the promisor, in return for which he makes a promise or some detriment suffered by the promissee in return for which the promise is made to him. It is elementary that a promise by a person to do that which he is already legally bound to do is not a sufficient consideration to support a contract. 9 O. Jur. p. 312. The burden of proof is on the Company, the holder of the note, to prove that the note executed by William C. Kennedy for $2500.00 was supported by

a valuable consideration. While it is true that under §8133 GC, absence or failure of consideration are matters of defense, a clear distinction exists between a defense of want of consideration and failure of consideration. It is contended, also, that under §8129 GC, the note is deemed prima facie to have been issued for a valuable consideration. Where the defense is want of consideration the burden rests on the holder of the note to show a consideration by a preponderance of the evidence. **Ginn v Dolan, 81 Oh St 121, 90 N. E. 141.** The rule has been stated more recently in the case of **State, ex rel. v Hoff, 140 Oh St 236, 239, 42 N. E. (2d) 990,** wherein it is held that a note imports consideration and when execution and delivery are admitted or shown and the note produced in evidence, a prima facie case is made out, and the burden to go forward with the defense is upon the defendant, nevertheless, the burden of proof rests on the plaintiff throughout the trial and does not shift. See also **Grosjean v Penn Rd. Co., 146 Oh St 643, 648, 67 N. E. (2d) 623; Sharick v Szefcyk, 17 Abs 332, 334; Wenz v Hamilton, 20 Abs 187, 190** (2d District Court of Appeals); **Wellman v Eberly, 25 Abs 464, 467** (2d District Court of Appeals).

In the case at bar we have searched the record in vain to find a consideration moving between the Company on the one hand and William C. Kennedy and Platt Kennedy on the other. It is contended that a consideration moved between William C. Kennedy and Platt Kennedy in that each executed his note and pledged the stock as collateral in consideration of the other doing likewise. There is no evidence to support this contention. Consequently the Company has not sustained the burden of proof to show the note executed by William C. Kennedy in the amount of $2500.00 was supported by a consideration. The note being invalid for want of consideration, the pledge fails.

Furthermore, the certificate of stock was not indorsed by William C. Kennedy. Under §8673-9 GC, the owner of stock pledged without indorsement may be compelled to complete the transfer by making the necessary indorsement, but this statute provides that:

"The transfer shall take effect as of the time when the indorsement is actually made."

Since no indorsement has been made there has not been a legal transfer of said stock.

It is contended that Platt Kennedy and Miss Luley, the President and Secretary of the Company respectively, were incompetent as witnesses. Both were permitted to testify. **Sec. 11495 GC,** provides that:

"A party shall not testify when the adverse party * * * is an executor or administrator * * * of a deceased person except;" (exceptions enumerated).

It is conceded that the exceptions enumerated in the statute have no application. Were Platt Kennedy and Miss Luley adverse parties within the meaning of §11495 GC? We do not think so. In Milling Co. v Bunn, 75 Oh St 270, 79 N. E. 478, it was held:

"In an action by a corporation against an executor or administrator the general manager of the corporation is not, by Section 5242, Revised Statutes, which provides that a party shall not testify where the adverse party is an executor or administrator except to facts that occurred subsequent to the death of decedent, disqualified to testify to facts occurring before the death of such decedent."

It has been held that the president of a corporation is competent as a witness against an administrator or executor. Brocalsa Chemical Co. v Langsenkamp, (C. C. A. 6th) 32 F. (2d) 725. This statute is generally construed to permit the officer of a corporation to testify as to transactions or communications with the decedent. 42 O. Jur. 185. Neither Platt Kennedy nor Miss Luley were parties to the action. In 42 O. Jur. p. 182, the text is as follows:

"And it is a general rule that a statute which in terms applies only to a party to the record is not, by construction, to be made to embrace those who are not parties, even though they have an interest in the event of the suit." In re Estate of Butler, 137 Oh St, 96, 113, 28 N. E. (2d) 186.

We conclude that the note in question was given without consideration; that the pledge fails; that the fifty shares of stock pledged as collateral are a part of the assets of the estate of William C. Kennedy and that no valid lien existed thereon in favor of the Company; and that Platt Kennedy and the Company surrender said stock to William Schneider, executor of said estate.

The application will be denied at the costs of applicant.

MILLER and HORNBECK, JJ, concur.