HUETER, APPELLANT, *v.* BINDUCHOWSKI ET AL., APPELLEES.

(No. 4666—Decided January 26, 1953.)

*Mr. Matt Kolb,* for appellant.
*Messrs. Boggs, Boggs & Boggs,* for appellees.

CONN, J. At the close of plaintiff's evidence, the defendants, appellees herein, moved the trial court for a directed verdict, which motion was granted. Plaintiff has appealed to this court on questions of law.

Plaintiff sought to recover on a promissory note and to foreclose a mortgage given to secure its payment. The petition contains two causes of action. In the first, plaintiff set up the promissory note and prayed to recover an alleged amount due thereon. In the

second, plaintiff alleged that defendants executed and delivered their mortgage deed securing the payment of such note, and prayed for foreclosure of same.

Defendants in their joint answer denied the allegations in plaintiff's petition; and for further answer set up three affirmative defenses designated first, second and third defenses. In the first defense, defendants averred that, if their signatures appear upon the note, they were obtained fraudulently, and that such note and mortgage are wholly without consideration.

For their second and third defenses, defendants averred that plaintiff is not a holder of such note in good faith and for value, and that the note and mortgage were materially altered after being signed by defendants. The several defenses were denied in the reply of plaintiff.

Error in sustaining defendants' motion for a directed verdict and entering judgment thereon are assigned by plaintiff and largely relied on by him. Error in the rejection and admission of certain evidence is also assigned. In view of the conclusion we have reached, this case may be retried later; and it becomes unnecessary to discuss this latter assignment, other than to say that in our opinion all evidence submitted tending to show consideration is relevant and admissible.

At the conclusion of plaintiff's case, the evidence that had been introduced embraced a wide field and was quite largely defensive in character. The record discloses that on or about October 14, 1926, the defendants purchased a dwelling house known as 3611 Torrance Drive, Toledo, Ohio, from The Hueter Realty Company, a corporation of which plaintiff is president and principal stockholder. The purchase price was approximately $7,500, which defendants agreed to pay in the manner following: by assuming the payment of a first mortgage of $3,250 on the real estate, dated

July 31, 1926; by assuming also a second mortgage thereon, in the principal amount of $1,200 bearing the same date; by executing a third mortgage on the property to secure defendants' promissory note of $2,-385.20; and, also, by paying cash in the approximate amount of $280 and giving an unsecured promissory note payable to plaintiff for the sum of $351.44.

The evidence shows also that the second and third mortgages and the promissory notes secured by such mortgages were pledged to the American Bank of Toledo, Ohio, along with other collateral security, to secure the payment of a large loan made by that bank to plaintiff and his wife. The unsecured promissory note of defendants, given to plaintiff as above mentioned, was discharged on a settlement basis. Defendants made payments on the several mortgages from time to time, but it is inferable from the record that the payments so made were mainly applied on interest.

On or about November 16, 1934, the defendants, with the assistance of plaintiff, refinanced the mortgage indebtedness on their property by negotiating a first mortgage loan from the Home Owners Loan Corporation in the principal sum of $3,520. As a part of this transaction, the first, second and third mortgages on defendants' property were released, and the notes secured by these mortgages were paid and satisfied.

The evidence tends to show that a substantial part of the mortgage indebtedness of defendants, hereinbefore referred to, remained unpaid at the time the loan from the Home Owners Loan Corporation was negotiated; that the amount due on the second and third mortgages was in excess of $1,800; that plaintiff arranged for the release of these two mortgages and the satisfaction and payment of the notes as security for which such mortgages were executed and delivered; and that, thereupon, these notes and mortgages thus released and discharged were delivered to the agent

of the Home Owners Loan Corporation for the benefit of defendants and to enable them to consummate their new loan.

The evidence and inferences that arise therefrom tend to show also that the note and mortgage on which this action is grounded were executed and delivered by defendants in order to attain the refinancing of the indebtedness on their property.

The parties have devoted much time in oral argument and by brief to the question of the burden of proof. The defendants contend that on the issues raised on defendants' answer, "plaintiff has the affirmative of the issue and the burden of proof rests upon him at every stage of the case to show a consideration for the note by a preponderance of the whole evidence adduced in the trial." The case of *Ginn, Admr.,* v. *Dolan,* 81 Ohio St., 121, 90 N. E., 141, 135 Am. St. Rep., 761, and others cited appear to support this contention.

There is a pertinent comment on the case of *Ginn, Admr.,* v. *Dolan, supra,* by Judge Williams in *State, ex rel. Herbert, Atty. Genl.,* v. *Hoff,* 140 Ohio St., 236, 239, 42 N. E. (2d), 990, which we quote:

"Likewise the case of *Ginn, Admr.,* v. *Dolan,* 81 Ohio St., 121, 90 N. E., 141, is instructive upon the question presented. Plaintiff sued defendant on a promissory note; thereupon the latter pleaded want of consideration. This court held that the burden of proof as to that issue was on the plaintiff at every stage of the case. The parallel is close. In such a case the plaintiff may rest without offering any evidence to prove consideration for reasons which are obvious. A promissory note imports consideration and when execution and delivery are admitted or shown and the note offered in evidence, a *prima facie* case is made out. The burden to go forward with respect to the defense of want of consideration is upon the defendant but the

burden of proof rests continuously upon the plaintiff.''

However, it is quite clear that defendants' motion for a directed verdict made at the close of plaintiff's case presented no issue requiring the trial court to determine upon whom the burden of proof rested or to weigh the evidence. On the other hand, the established rule of procedure in this state required the trial court, in passing on the motion for a directed verdict, to give all credible evidence offered by plaintiff and all reasonable inferences that may be drawn therefrom a construction most favorable to plaintiff. If, upon such consideration, a jury issue is presented, or if the plaintiff has made a prima facie case, the motion must be overruled. *Purdy, Admr.,* v. *Kerentoff,* 152 Ohio St., 391, 89 N. E. (2d), 565; *Cassidy* v. *Ohio Public Service Co.,* 78 Ohio App., 221, 69 N. E. (2d), 648; and 39 Ohio Jurisprudence, 802, Section 183.

In the instant case, the note sued on was identified and introduced in evidence. The record discloses credible evidence of its execution, delivery and subsequent transfer to plaintiff. Pursuant to the provisions of Section 8129, General Code, this made a prima facie case that the note was ''issued for a valuable consideration,'' and that the defendants became ''parties thereto for value.'' In addition to the presumption of consideration raised by the statute, plaintiff introduced evidence tending to show consideration for the note sued on moving from him to defendants by reason of the satisfaction and release of the second and third mortgages and promissory notes, the payment of which they secured.

Section 8130, General Code, defines value as ''any consideration sufficient to support a simple contract.'' Under this statute, consideration may be benefit to the promissor or detriment or loss to the promisee. In the case before us, it appears there was benefit moving to defendants and, also, detriment or loss sustained

by plaintiff. *Fowler* v. *Smith,* 24 Ohio App., 324, 156 N. E., 913; *Bayer* v. *Sanford,* 81 Ohio App., 145, 78 N. E. (2d), 67; *In re Estate of Kennedy,* 82 Ohio App., 359, 80 N. E. (2d), 810.

Section 8133, General Code, expressly provides that absence of consideration "is a matter of defense." This provision of the Code has been so applied. *Darby* v. *Chambers,* 70 Ohio App., 287, 46 N. E. (2d), 302.

Construing the evidence offered by plaintiff and such inferences that arise thereon most strongly in his favor, we reach the conclusion that plaintiff had made out a prima facie case at the conclusion of his evidence. The issue of fact thus raised presented a jury question, and it was incumbent on the trial court to overrule defendants' motion for a directed verdict.

*Judgment reversed and cause remanded.*

FESS and SAVORD, JJ., concur.