**Harry HOWARD, Appellant,**
v.
**A. Robert TARR, Appellee.**
**No. 16019.**

United States Court of Appeals
Eighth Circuit.
Dec. 3, 1958.
Rehearing Denied Dec. 30, 1958.

---

Harry Howard, appellant, pro se.

Robert M. Duboc, Kansas City, Mo. (Roy P. Swanson, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, Mo., on the brief), for appellee.

Before JOHNSEN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

This proceeding, an action for deficiency judgment after foreclosure of mortgage on a promissory note executed by appellant, is a diversity case in which we have jurisdiction because of the amount involved.

Upon application of appellee, who was plaintiff below, the trial court entered summary judgment against appellant for $27,062.09 with interest from November 21, 1955, at the rate of 5% per annum. The correctness of the court's action is challenged in this appeal. Under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., a summary judgment may be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Kennedy v. Bennett, 8 Cir., 261 F.2d 20, and cases there cited.

The following undisputed facts appear from the pleadings, affidavits, the pre-trial order, deposition, and pertinent parts of exhibits. Appellee-plaintiff and appellant-defendant entered into a written contract on April 23, 1953, prepared by defendant, who is a lawyer, under which plaintiff, as seller, agreed to sell and convey by warranty deed to defendant, as buyer, certain real estate in Sandusky County, Ohio, for the agreed price of $79,000. The contract provided that $5,000 of the purchase price was to be deposited with a title company on the day of its execution and $2,500 at the time the deed was executed and delivered to buyer, and the contract obligated the buyer to execute and deliver to the seller his promissory note for the balance of the purchase price of $71,500, payable within two years from date thereof, together with a first mortgage on the real estate, in conformity with the laws of the state of Ohio. Under the contract, defendant's denomination and status as "Buyer" was qualified by the phrase "or his (defendant's) nominee, being any person he may substitute for himself, to whom the title to the property hereinafter described may be transferred, and who may execute the note and mortgage as a part of the consideration herein expressed." However, it appears that defendant did not exercise the power to nominate another and chose instead to take title to the property in his own name as Buyer, thereby becoming bound to execute the note and mortgage therefor.

In conformity with the contract, the sale of the real estate was consummated at Fremont, Ohio, on July 14, 1953, when plaintiff executed and delivered to defendant an Ohio Warranty Deed conveying fee simple title to the premises. At the same time, plaintiff received from one C. W. White a cashiers' check in the amount of $7,500; defendant executed the promissory note for the balance of the purchase price, together with an Ohio mortgage, and delivered both in-struments to plaintiff.[1] On the next day, July 15, 1953, defendant executed a warranty deed in blank and delivered same to C. W. White, whereby the same real estate was conveyed subject to encumbrances thereon.

After default was made in payment of the note, the real estate was sold under foreclosure proceedings on September 20, 1955, for the sum of $52,081.33; on November 21, 1955, personal property was sold under a chattel mortgage for $388.86. Credit was given for the sum of the amounts so received, leaving a balance due of $27,062.09.

■■■ The main thrust of defendant's contention, as we understand it, is that inasmuch as he did not personally gain from the transaction, and received nothing from plaintiff in exchange for the note, there was no consideration for the instrument and the action must fail for that reason. It cannot be gainsaid that defendant is correct in asserting that, insofar as this record is concerned, he did not benefit or, in fact, receive anything of value from the transaction. But that factor alone is not dispositive of the question of whether there was sufficient legal consideration to support the validity of the instant promissory note. To begin with, under the Negotiable Instruments Law, "(e)very negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Section 24, Beutel's Brannan Negotiable Instruments Law, Seventh Ed.; Page's Ohio Revised Code, Annotated (1953 Ed.) § 1301.26. See also, Dalrymple v. Wyker, 60 Ohio St. 108, 53 N.E. 713. Section 1301.27 of the Ohio Revised Code, supra, provides further that "(v)alue is any consideration sufficient to support a simple contract." The Ohio courts recognize the rule which seems to have universality, to the effect that a valuable consideration may con-

---

1. The note was in the principal amount of $71,500, and was payable to plaintiff on or before July 14, 1955, and provided for interest at the rate of 5% from date thereof.

sist of a benefit to the promisor or a detriment to the promisee. In City Trust & Savings Bank v. Schwartz, 68 Ohio App. 80, 39 N.E.2d 548, 554, the court elaborated on the rule in this language:

"In 9 Ohio Jurisprudence, 297, Section 65, it is stated that a valuable consideration may consist either in a benefit to the promisor or a detriment to the promisee. Many cases are cited in support of the statement. It is further set forth in the section that the definition has been more elaborately stated as follows: 'A valuable consideration in the sense of the law may consist either in some right, interest, profit or benefit accruing to the other party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.' "

See and compare Hueter v. Binduchowski, 94 Ohio App. 481, 116 N.E.2d 598, 600; Merchants' Nat. Bank of Cincinnati v. Ryan, 67 Ohio St. 448, 66 N.E. 526; Judy v. Louderman, 48 Ohio St. 562, 29 N.E. 181. It stands undisputed that plaintiff parted with title to the land that was conveyed to defendant. This was a sufficient consideration for the note even though defendant was not the actual purchaser of the property and did not personally gain from the transaction. Further, and apart from any question of legal consideration, it is our view that the effect in law of the transaction between plaintiff, defendant, and White, bearing upon the relationship of the parties to each other was to make defendant an accommodation party for White. In Negotiable Instruments Law, an accommodation party is defined as " * * one who has signed the instrument as maker, * * * without receiving value therefor, and for the purpose of lending his name to some other person." § 29 of Beutel's Brannan Negotiable Instruments Law, Seventh Ed.; Page's Ohio Revised Code, supra, § 1301.31. Plaintiff, on the other hand, although having knowledge of the relationship between defendant and White, was nevertheless a holder for value of the note, and as to plaintiff, the defendant became, and is, liable. § 29 Beutel's N.I.L., supra; Page's Ohio Revised Code, supra, § 1301.-31. See also City Trust & Savings Bank v. Schwartz, supra, 68 Ohio App. 80, 39 N.E.2d 548, 555; Roof v. National Surety Corp., 92 Ohio App., 295, 110 N.E.2d 159, 161; 11 C.J.S. Bills and Notes § 739 b; 8 Am.Jur. Bills and Notes, §§ 456 and 457.

While defendant's unfortunate plight is sufficient to provoke sympathy, it can hardly be contended that it constitutes a legal defense to the action. And since it is obvious that the pleadings, admissions, and evidence before the court reveal no genuine issue as to any material fact, the court properly entered summary judgment.

Affirmed.