SCOLARO, PLAINTIFF-APPELLEE, *v.* BELLITTO ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26004.   Decided August 2, 1962.

*Mr. Alan Meltzer*, for plaintiff-appellee.
*Mr. Charles Lazzaro* and *Mr. N. A. Mandanici*, for defendants-appellants.

(CRAWFORD, P. J., KERNS and SHERER, JJ., of the Second

Appellate District, sitting by designation in the Eighth Appellate District.)

SHERER, J. This is an appeal on questions of law from a judgment rendered on a promissory note by the Common Pleas Court of Cuyahoga County on a verdict of a jury in favor of plaintiff appellee, Victor Scolaro, against defendants appellants, Sam Bellitto and Josephine Bellitto.

The defendants filed identical amended answers in the Common Pleas Court asserting three defenses to the note, as follows:

1. "Defendants deny that the sum of $8000.00 or any sum whatsoever is due or payable by them to plaintiff or any other person on a promissory note dated April 1, 1959. Defendants admit that they signed the note, but that at the time the payee's name was left blank; that they do not know plaintiff and have had no dealings with him."

2. "Defendants, further answering, say that they signed said note for the purpose of allowing one, Angelo Amato, to deposit said note with a gambler as security for a wager to be placed on a horse race by said Angelo Amato with said gambler. They say that the note, being based on an illegal contract, is void in that there is an absence or failure of consideration."

3. "Defendants, further answering, deny each and every allegation in plaintiff's petition which are not herein expressly admitted to be true."

The answers of defendants admit the execution of the note dated April 1, 1959, but deny delivery to plaintiff and deny that there is any consideration for the note. The issues raised by the pleadings were submitted to the jury and a verdict was returned in favor of plaintiff for $8000.00, the full amount of the note. The jury gave a negative answer to the Special Interrogatory submitted, "Did the plaintiff, Victor Scolaro,. know and understand that the proceeds of the promissory note upon which this case is based, was to be used for gambling purposes when said promissory note was delivered to him?"

12

Defendants contend in this appeal that the judgment rendered on this verdict is manifestly against the weight of the evidence and is contrary to law.

The record discloses credible evidence of the execution and delivery of the note to plaintiff. The testimony of defendants relating to delivery is conflicting but included therein are their statements that they signed the note fully filled out excepting for the name of the payee; that they had arranged with one Angelo Amato, brother-in-law of plaintiff, to place a $7000.00 bet on a fixed horse race; that they delivered the $8000.00 note to him authorizing him to deliver it to a third party and obtain $7000.00 which was to be bet on the horse and that they agreed to pay $8000.00 on demand, due May 1, 1959. Their own testimony proves delivery of the note to plaintiff.

That leaves for consideration the contention of defendants that there is an absence of consideration for the note because the proceeds were to be used for gambling purposes. Every instrument is prima facie issued for a valuable consideration and every person whose signature appears thereon becomes a party thereto for value. Section 1301.26, Revised Code. Thus, there is a presumption that defendants executed and delivered the note to plaintiff for a valuable consideration. Such presumption is overcome if plaintiff knew that the money he advanced was to be used for gambling. If plaintiff did not know that the money he loaned was to be so used, the presumption establishes a valid consideration for the note. 40 Ohio Jurisprudence (2d), Sec. 127, page 104. Defendants maintain that the note is void and unenforceable because of the provisions of Section 3763.01, Revised Code, which provides:

"All . . . notes, when the whole or part of the consideration thereof is for money . . . won or lost, laid, staked or betted . . . upon a horse race . . . or for the repayment of money lent or advanced at the time of a . . . wager, for the purpose of being . . . betted, or wagered, are void."

Defendants cite *Lagonda National Bank* v. *Portner*, 46 Ohio St., 381, in support of their contention. In that case the Lagonda National Bank, the owner by endorsement, presented a check drawn by Portner upon the Kenton Savings Bank payable to one Caldwell to the Savings Bank for payment, which was refused. The defendant, Portner, answered that the considera-

tion for his check to Caldwell was small pieces of celluloid called "checks" representing money betted and lost by him in a game of chance. The plaintiff, Lagonda National Bank, denied any knowledge of this. The trial court instructed the jury that plaintiff would be entitled to recover even though the consideration was for money lost at gambling if it had no knowledge thereof. The judgment rendered on the jury verdict for plaintiff was reversed by the Circuit Court and the judgment of the Circuit Court was affirmed by the Supreme Court.

The court's opinion was based on the provisions of Section 4269, Revised Statutes, which was as follows:

"All promises, agreements, notes, bills, bonds, or other contracts . . . when the whole, or any part of the consideration of such promise . . . is for money, . . . won or lost, . . . upon . . . a horse race . . . or for the repayment of money lent or advanced for the purposes of being . . . betted . . . shall be absolutely void."

The court held that, "The endorsee of a check given for money lost at a game of cards cannot recover upon it against the drawer, though a bona fide holder for value without notice of the vice in the consideration. A check so drawn is within the provisions of Section 4269, Revised Statutes, and absolutely void and of no effect." In that case both the maker and the payee of the check were clearly involved in a gambling transaction. Portner gave his $200.00 check to Caldwell for "checks" to be used in a gambling game. Before the instant case can be brought within that rule there must be some evidence tending to prove that plaintiff, the payee of the note, like Caldwell, knew that the money loaned was to be used for gambling. If plaintiff knew that the money he loaned was to be used for gambling, there would be a lack of consideration for the note. The Supreme Court in *Gehres* v. *Ater*, 148 Ohio St., 89, 73 N. E. (2d), 513, syllabus 1, held that:

"A purported contract of pledge whereby property is given to secure a gambling debt is invalid and ineffectual for *lack of lawful consideration* . . ." (Emphasis ours.)

Defendants argue that the trial court erred in charging the jury that they had the burden of proving by a preponderance of the evidence that plaintiff knew when he loaned the money that it was to be used for the purpose of gambling. Was

the burden upon the defendants to prove "by a preponderance of the evidence" a want of consideration because plaintiff knew that the money he loaned to defendants was to be used for gambling? Or, is the burden upon plaintiff throughout the case to prove a valid consideration for the note?

In *Ginn* v. *Dolan*, 81 Ohio St., 121, 90 N. E., 141, the Supreme Court held:

"Where in a suit upon a promissory note the defense is that the note was given or obtained without a valid consideration, the plaintiff has the affirmative of the issue and the burden of proof rests upon him, at every stage of the case, to show a consideration for the note, by a preponderance of the whole of the evidence adduced on the trial."

This rule was cited with favor by the Supreme Court in *State, ex rel. Herbert,* v. *Hoff*, 140 Ohio St., 236, 239, 42 N. E. (2d), 990, and was followed by this court in *In re Estate of Kennedy*, 82 Ohio App., 359, 362, 363.

Some courts have held that the rule in *Ginn* v. *Dolan* is not applicable since the enactment of the Negotiable Instruments Act. Other courts have held it applicable. A discussion of the question is found in 40 Ohio Jurisprudence (2d), Section 482, pages 413 to 416. That question appears to have been settled by the Supreme Court in the very recent case of *Ohio Loan and Discount Company* v. *Tyarks*, 173 Ohio St., 564, in which the court held that want of consideration is an affirmative defense and that the burden of proof is upon the one who asserts it.

We conclude that the defendant had the burden to prove by a preponderance of the evidence that plaintiff knew the note was given as a part of a gambling transaction and that for this reason there was no consideration for the note. The charge of the court placing upon defendants the burden of proving by a preponderance of the evidence that plaintiff knew that the money he loaned to them was to be used for gambling was a correct statement of the law applicable. Defendants' first assignment of error is not well taken.

The second error assigned, that the judgment is manifestly against the weight of the evidence, is without merit. While the evidence, including the testimony of plaintiff, is to the effect that he loaned only $7000.00 on an $8000.00 note, payable on demand, due in one month; that he believed defendants wished

to use the money in their bar business; that defendants had a good business and had money coming in thirty days from an investment in an apartment building which would enable defendants to pay the note in one month, might raise a suspicion in some minds that there was something a little bit "fishy" in the transaction, we conclude that there is substantial evidence in the record to establish each and every element of plaintiff's case and that the judgment is sustained by sufficient evidence.

There being no error in the record prejudicial to substantial rights of defendants, the judgment will be affirmed.

Exceptions. Order see journal.

CRAWFORD, P. J., and KERNS, J., concur.